512 A.2d 36

**Elmer H. DRUM, Appellee,**

v.

**William J. LETA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1986.

Filed July 7, 1986.

Ann S. Pepperman, Williamsport, for appellant.

W. David Marcello, Williamsport, for appellee.

Before CAVANAUGH, WATKINS and LIPEZ, JJ.

CAVANAUGH, Judge:

This is an appeal from an order of the Court of Common Pleas of Lycoming County granting appellant's petition to strike a confessed judgment entered against him, but denying appellant's request for attorney's fees. Appellant raises one issue on appeal. He contends that the lower court erred in ruling that he was not entitled to collect reasonable attorney's fees. We agree, finding that an award of reasonable attorney's fees is mandatory in this instance, where appellant has prevailed in causing a judgment by confession

against him to be stricken, under 41 P.S. § 407(b). Accordingly, we reverse the portion of the order denying appellant attorney's fees, and remand the matter to the lower court for a determination of reasonable fees to be awarded.

This action arose from appellant's default on a loan agreement made between appellant as debtor and Powy's Park Inn, Inc. as creditor. Two instruments were executed on February 15, 1983 pursuant to the loan, a security agreement and a bond. The security agreement granted appellee an interest in certain inventory and equipment of appellant. The loan was also evidenced by the $396,000.00 bond, which contained a confession of judgment clause, and secured by a mortgage on certain property of the appellant. Powy's Park assigned all of its interest in the security agreement and bond to appellee, Elmer Drum.

Appellant stopped making scheduled loan payments in October of 1983. In late November, 1983, appellee instituted mortgage foreclosure proceedings on the mortgage securing the loan. He obtained a judgment against appellant, and bought the property at a sheriff's sale. Appellee also brought a cause of action in replevin, while the mortgage foreclosure proceedings were pending, to obtain possession of the inventory and equipment in which he had a perfected security interest. Although an order for writ of seizure was issued by the lower court, no further action was taken because appellee failed to post the requisite bond. However, appellant did agree to a voluntary repossession of the collateral by appellee.

Meanwhile, appellee confessed judgment against appellant pursuant to the clause in the bond. He filed a judgment by confession with the prothonotary of Lycoming County on May 18, 1984, in the replevin action. Appellee then sought to enforce the judgment entered by confession by a writ of execution, and attempted to levy upon appellant's residence. At that point, appellant filed a petition to strike or open the confessed judgment. Appellant asserted that the judgment by confession was entered improperly, as a result of appellee's failure to comply with Pa.R.C.P. 2951, governing procedures to be followed in confessing judg-

ment.[1] For example, the original instrument upon which judgment was confessed was not filed, as required by Pa.R.C.P. 2951(c); no certificate of residence was filed, as required in Rule 2951(a); and no notice was given to appellant of the judgment by confession, until he was served with a sheriff's levy on his residence [Pa.R.C.P. Nos. 236 and 2958(f) ].

In response to appellant's petition, the lower court granted a rule to show cause why the judgment entered by confession should not be stricken or opened. Appellee did not file a response and the court granted appellant's petition, ordering that the judgment be stricken, but denying attorney fees to appellant.

Appellant contends that he is entitled to attorney's fees under 41 P.S. § 407(b). This statute states:

 (b) Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession

---

1. Rule 2951. Methods of Proceeding

 (a) The prothonotary shall enter judgment by confession on a note, bond or other instrument confessing judgment or authorizing confession by an attorney at law or other person against the person who executed it in favor of the original holder or, unless expressly forbidden in the instrument, in favor of the assignee or other transferee, upon filing of the instrument and a certificate of residence of the plaintiff and of the defendant, without the agency of an attorney and without the filing of a complaint, for the amount which may appear to be due from the instrument. The judgment may include interest computable from the instrument.

 (b) If judgment by confession is authorized by the instrument but may not be entered by the prothonotary under subdivision (a), an action shall be commenced by filing with the prothonotary a complaint substantially in the form provided by Rule 2952. Even though the instrument is one on which judgment could be entered by the prothonotary under subdivision (a), the plaintiff may proceed under this subdivision.

 (c) The action must be brought under subdivision (b) if

 (1) the instrument is more than ten years old or

 (2) the original cannot be produced for filing or

 (3) it requires the occurrence of a default or condition precedent before judgment may be entered, the occurrence of which cannot be ascertained from the instrument itself, or

 (4) the computation of the amount due requires consideration of matters outside the instrument.

 * * * * * *

*shall be entitled to recover reasonable attorney's fees and costs as determined by the court.* (emphasis added)

 This subsection is part of a statute governing the procedures to be followed in a confession of judgment pertaining to a creditor's right to execute as to residential real property.[2] Appellee's attempt to execute judgment as to appellant's residence makes this statute applicable. As such, it is important to examine the purpose behind the statute. It is apparent that the legislative scheme is to protect residential real estate owners from execution upon their property pursuant to arbitrary and capricious actions of creditors by confession of judgment. *See, RCK Inc. v. Katz*, 331 Pa.Super. 163, 480 A.2d 295 (1984). Moreover, the law does not favor confession of judgment provisions in general. "Because a warrant of attorney authorizing confession of judgment can be an oppressive weapon, a judgment entered pursuant thereto can be accomplished only by strict adherence to the provisions of the warrant of attorney." (citations omitted) *Langman v. Metropolitan Acceptance Corp.*, 318 Pa.Super. 381, 384, 465 A.2d 5, 7 (1983).

 In light of this perspective, it follows that the legislature has established a provision in Section 407(b) wherein a

2. § 407. Confession of judgment

(a) As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. The judgment by confession shall be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the confessed judgment. The parties to the action shall have the same rights as parties to other original proceedings. Nothing in this act shall prohibit a residential mortgage lender from proceeding by action in mortgage foreclosure in lieu of judgment by confession if the residential mortgage lender so desires.

\* \* \* \* \* \*

debtor will be able to collect attorney's fees and costs when he succeeds in removing a judgment executed by confession. Appellant asserts that, in consideration of the language used in Section 407(b), the recovery of attorney's fees by the successful debtor is mandatory. However, the lower court interprets this language as making such an award discretionary with the court. We agree with appellant. The clear wording of the statute indicates that, when a debtor prevails in removing a judgment by confession, he *shall be entitled* to recover such fees and costs as determined by the court. This wording does not give the court discretion as to whether or not such fees and costs are recoverable, but only as to the amount, which must be reasonable. We believe that if the legislature intended this provision to make the awarding of fees discretionary with the court, it would have used the word *may* instead of *shall*. Thus we find that, in consideration of the legislature's intent to protect residential real estate owners, Section 407(b) makes the recovery of attorney's fees and costs by appellant mandatory.

While the lower court did not give its reasons for striking the judgment entered by confession, in its opinion the court alluded to the suggestion that appellee followed the wrong procedures in confessing judgment against appellant. For whatever reason, however, it is evident that appellant indeed prevailed in causing the judgment to be stricken; i.e. removed. Therefore, we find that appellant is entitled to the recovery of reasonable attorney's fees in this instance.

Although there is a dearth of caselaw regarding the question of whether Section 407(b) is to be construed as mandatory, a recent decision by a panel of this court provides us with some guidance. In *Gardner v. Clark*, 349 Pa.Super. 297, 503 A.2d 8 (1986), Judge Wieand writing for the majority, held that the lower court properly awarded counsel fees to debtors who had prevailed under Section 407(b). In *Gardner*, the issues raised by appellant focused on whether or not the debtor had "prevailed" in removing or suspending a judgment by confession. The court noted

that, in circumstances similar to the present matter, the legislature provides for an award of counsel fees under both section 407(b) and, 41 P.S. § 503; a more general section of the Act providing for mandatory recovery of such fees. *Gardner, Id.* 349 Pa.Super. at 301, 503 A.2d at 10.

For the foregoing reasons, we find that the lower court erred in denying an award of counsel fees to appellant. Accordingly, we reverse the order and remand to the lower court for a determination and award of reasonable attorney's fees.

Reversed and remanded.

### JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Order of the Court of Common Pleas of Lycoming County is reversed and remanded.