517 A.2d 223

Municipal Council of the Municipality of Monroeville, Appellant *v.* Milan Kluko, Jack Backus and John Doyle, Appellees.

Submitted on briefs October 6, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*John D. Finnegan,* for appellant.

*Richard L. Rosenzweig, Rosenzweig & Burton,* for appellees.

Opinion by Judge MacPhail, November 7, 1986:

Appellant, Municipal Council of the Municipality of Monroeville, appeals from an order of the Court of Common Pleas of Allegheny County directing Appellant to pay counsel fees and costs incurred by Appellees, who are members of the Monroeville Planning Commission (Commission), in litigation resulting from Appellant's attempt to remove Appellees from the Planning Commission. We will vacate the order from which the instant appeal is taken.

This litigation began in 1981 when the Commission recommended to Appellant that an application for a conditional use application be denied.[1] When Appellant granted the application, the Commission took an appeal to the Zoning Hearing Board (Board) and also requested that the Commission be authorized to retain special legal counsel to represent it before the Board. That Board held that the Commission was entitled to special counsel, the cost of which should be paid by Appellant.

At that point, Appellant adopted a resolution removing Appellees from the Commission. Appellant's action

---

[1] *See Mosside Associates, Ltd. v. Zoning Hearing Board of the Municipality of Monroeville,* 70 Pa. Commonwealth Ct. 555, 454 A.2d 199 (1982).

in that regard was appealed to the Court of Common Pleas which held that the removal was invalid. In its order dated January 11, 1982 (January order), the trial court also provided that:

> Any legal fees and expenses incurred by Appellants [Appellees herein] in prosecuting this appeal, and the appeal before the Zoning Hearing Board in the name of the Planning Commission shall be borne by the Appellants [Appellees herein].

Neither party appealed from that order. No exceptions were filed nor was there any motion for reconsideration.

On February 22, 1982, Appellees filed a "Petition for Counsel Fees" setting forth an itemized statement of services performed by counsel and costs incurred and requesting the court to award attorney's fees pursuant to the provisions of Sections 752-754 of the Local Agency Law, 2 Pa. C. S. §§752-754.

On May 24, 1982, the trial court, after conciliation and oral argument, entered the following order:

> AND NOW, this 24th day of May, 1982, upon Petition and Argument, it is hereby ordered that the Municipality of Monroeville pay Counsel fees and costs incurred by Appellants [Appellees herein] in gaining reinstatement to their positions as Planning Commissioners in the total amount of $703.12 representing reimbursement costs in the amount of $203.12 and attorney fees of $500.00.

No opinion accompanied the order and none has been filed with this Court pursuant to the provisions of Pa. R.A.P. 1925.[2] Appellant contends that the trial court was without authority to enter the order of May 24, 1982 (May order) and that it should be reversed or held to be null and void.

---

[2] The trial court judge no longer serves on the Allegheny County Court of Common Pleas.

The narrow issue before us in this appeal then, is whether a trial court which has entered an order which specifically directs a party to pay its own counsel fees and costs, may, after the appeal period has expired, enter a new order pursuant to a new petition which order directs the opposing party to pay the counsel fees and costs.

Appellant challenges the trial court's authority in this case on three bases: (1) once the appeal period has passed, a trial court may not reverse or reconsider a prior order; (2) the May order is barred by *res judicata* and (3) there is no statutory authority which would permit an order for counsel fees under the facts of this case.

Appellees contend that the trial court merely corrected an inadvertent error in the January order when it entered the May order, that Appellant did not challenge the trial court's authority to enter the May order in its argument before the trial court and that the trial court had authority to enter its final order pursuant to the provisions of Section 2503(9) of the Judicial Code (Code), 42 Pa. C. S. §2503(9).[3] It is also contended that the matter of counsel fees was not argued in the proceedings which resulted in the January order.

At the outset, we must note that we are restricted in our appellate review to what appears in the record before us. In that regard, we observe that there is no

---

[3] 42 Pa. C. S. §2503(9) provides as follows:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

mention in the record that the trial court's January order regarding counsel fees was entered inadvertently or by mistake. Even if this were the fact, the trial court was bound by Section 5505 of the Code, 42 Pa. C. S. §5505 which provides that:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order *within 30 days after its entry,* notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed. (Emphasis added.)

It is thus apparent that Appellees could have taken action to appeal or file exceptions to the January order within 30 days of its entry, but they did not. The trial court on its own motion, could have modified or rescinded the January order within 30 days of its entry, but it did not. We have no difficulty, therefore, in concluding that the trial court lacked authority to rescind the January order and enter a new order four months later. We believe, moreover, that this issue is jurisdictional and a matter which cannot be waived by the parties. *Calabrese v. Collier Township Municipal Authority,* 430 Pa. 289, 240 A.2d 544 (1968). In *Commonwealth v. Lynch,* 304 Pa. Superior Ct. 248, 450 A.2d 664 (1982), the Court held that a trial court lacked jurisdiction to modify a sentence after the expiration of the 30-day restriction imposed by Section 5505. It categorized the attempted modification as a "nullity." Inasmuch as no action was taken by the trial court or the litigants within 30 days of the entry of the January order, we hold that the trial court lacked jurisdiction to enter the order of May 24, 1982 and we, therefore, are compelled to vacate that order.[4]

---

[4] Although we need not address the other issues raised by Appellant, we must note that inasmuch as there was no finding by

## ORDER

The order of the Court of Common Pleas of Allegheny County entered May 24, 1982 is vacated and the order of that court entered January 11, 1982 is hereby reinstated.

---

the trial court that Appellant's conduct was arbitrary, vexatious or in bad faith, the prerequisites for the imposition of counsel fees under 42 Pa. C. S. §2503(9), and further that the statutory basis alleged by Appellees in their petition to the trial court for the imposition of counsel fees, *i.e.* §§752-754 of the Local Agency Law, does not authorize the imposition of counsel fees on the losing party in circumstances such as those present here, we would be compelled to reverse the trial court even if the jurisdictional question were not present.