# El Paso Inc. v. De Groot

*Samuel A. Litzenberger,* for plaintiff.
*Robert M. Stengel,* for defendant.

BECKERT, *J.,* February 26, 1988 — The factual history giving rise to the dispute now before us is somewhat complicated, inasmuch as it involves three different judgments taken by confession by El Paso Inc. against defendant Richard J. De Groot on different dates and docketed under different numbers in the office of the prothonotary. Action no. 80-211 involves a $30,000 judgment note executed in favor of plaintiff by defendant on December 28, 1978; action no. 80-212 is a $12,500 judgment note executed by defendant in favor of plaintiff on December 29, 1979; and action no. 81-046 involves a $7,500 judgment note executed on December 28, 1979. All three judgment notes were filed, judgments were confessed, and damages assessed, after which a praecipe for writ of execution was filed with the sheriff of Bucks County, Pa., and a sale scheduled.

Defendant on October 6, 1986 petitioned for and obtained a rule issued on plaintiff to show cause why the several aforementioned judgments should not be marked satisfied and the sheriff's sale sched-

uled for December 12, 1986 canceled or stayed for failure of plaintiff to comply with the requirements of section 407 of Act no. 6, Act of January 30, 1974, P.L. 13, as amended (41 P.S. § 407). For simplicity's sake we will hereafter refer to that statute as "Act 6".

The pertinent provisions of Act 6 are as follows:

"(a) As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. The judgment by confession shall be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above-mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the confessed judgment. The parties to the action shall have the same rights as parties to other original proceedings. Nothing in this act shall prohibit a residential mortgage lender from proceeding by action in mortgage foreclosure in lieu of judgment by confession, if the residential mortgage lender so desires.

"(b) Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession shall be entitled to recover reasonable attorney's fees and costs as determined by the court." This controversy really centers around the question

of whether the defendant's lands which have been levied upon fall within the following statutory definition set forth in section 101 of Act 6:

" 'Residential real property' means real property located within this commonwealth containing not more than two residential units or on which not more than two residential units are to be constructed and includes a residential condominium unit."

On the basis of the facts adduced from defendant during his deposition on December 5, 1986 it is our determination that the subject property does fall within that legislative definition. Mr. DeGroot testified that the property consists of some 38.9 acres, on which have been constructed a single family home (consisting of approximately 1800 square feet), a barn, and a produce stand. Plaintiff's counsel devoted considerable time to a line of questioning concerning past, present and contemplated future uses of business or commercial nature which either have been, or may be, conducted on the property. However, we are convinced that the possible existence of various such non-residential uses, or the intention to pursue such uses, should nor disqualify this property owner from the protection to which he is entitled under Act 6.

Quite obviously the legislature intended to grant to homeowners a broad form of protection against loss of their homes, requiring strict compliance with specific procedural directives, where those homes stood as security for repayment of indebtedness. Our courts have liberally construed Act 6 in favor of the debtor-homeowners. For example, the protection of that act was extended to a residential mortgagor where the money borrowed was used to finance the purchase of a sailboat, which in no way related to the home itself. *General Electric Credit Corpora-*

*tion v. Slawek,* 269 Pa. Super. 171, 409 A. 2d 420 (1979). Our Superior Court has stated that the purpose of the act is to protect owners of modest homes from foreclosures by "over-enthusiastic mortgagees," *Continental Bank v. Rapp,* 336 Pa. Super. 160, 485 A. 2d 480 (1984); and to protect against "arbitrary and capricious actions of creditors by confession of judgment," *Drum v. Leta,* 354 Pa. Super. 448, 512 A. 2d 36 (1986). Section 407 of the act has been applied where the corporate commercial loans were secured by the residence of one of the corporation's principals who was a co-maker of the judgment note. *Lafayette Trust Bank v. JAJ Corporation,* 17 D.&C. 3d 256 (1980). While some of the foregoing cases focused upon whether the loan transaction itself involved a "residential mortgage", which term is also defined in section 101 of Act 6, we believe they accurately reflect the principles to be applied by us in the instant case, since that particular definition encompasses and includes the definition of "residential real property" as quoted earlier in this opinion.

Accordingly, we conclude that the executing creditor here cannot be allowed to circumvent the clear mandate of Act 6 by going forward with sale of defendant's residential property under a judgment or judgments previously entered by confession. While there has obviously been an extended time delay between the dates of entry of the several judgments and this execution, we believe that the defendant has every right to seek shelter under section 407, since the prohibition of that section is against an execution improperly grounded upon a confessed judgment, and not against the confession itself. Relief under Act 6 would logically not be sought by the judgment debtor at the time the confession of judgment was taken, but rather when

some attempt was made thereafter by the creditor to proceed to sale without first initiating the mandated form of court action, so as to give the debtor a chance to respond and raise appropriate defenses.

Plaintiff argues that "residential mortgage" was more restrictively defined in the statute as it was worded in 1978 (the year in which the note in civil action no. 80-211 was executed), so as to exclude any transaction where the purpose of the loan was not to purchase, improve or repair the residential real estate. Be that as it may, we need only look at Act 6 as it existed when the recent execution proceedings were initiated, without regard to possible variations in its wording in years past when the various judgments were taken by plaintiff.

Having found defendant to be entitled to relief under Act 6, we find insufficient information in the record to establish the amount of a monetary award of "reasonable attorney's fees and costs" as warranted under subsection 407(b) (see *Drum v. Leta, supra.*). We will leave open to defendant the option of pursuing further proceedings to fix the amount of those damages.

## ORDER

And now, February 26, 1988, the rule heretofore entered on October 6, 1986 and directed upon plaintiff to show cause why the sheriff's sale scheduled for December 12, 1986 should not be stayed for failure of plaintiff to comply with the requirements of section 407 of Act no. 6 (41 P.S. §407) is hereby made absolute, and execution proceedings are directed to be stayed until plaintiff has fully complied with the procedures required under that act prerequisite to execution sale on a confessed judgment.