562 A.2d 938

**CITIZENS FOR RESPONSIBLE DEVELOPMENT, et al., Appellants,**

v.

**The CARLISLE ZONING HEARING BOARD and the Borough of Carlisle and ABF Freight Systems Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1989.

Decided July 31, 1989.

---

Thomas M. Place, Carlisle, and John A. Alzamora, Thomas and Thomas, Harrisburg, for appellants.

William F. Martson, Stephen L. Bloom, Martson, Deardorff, Williams & Otto, Carlisle, for ABF Freight Systems, Inc.

Marcus A. McKnight, Irwin Irwin & McKnight, Carlisle, for Carlisle Zoning Hearing Bd.

J. Wesley Oler, Jr., Carlisle, for Boro. of Carlisle.

Before DOYLE and SMITH (P), JJ., and KALISH, Senior Judge.

SMITH, Judge.

Citizens for Responsible Development [1] and twelve individual property owners (Appellants) seek review of the decision of the Court of Common Pleas of Cumberland County awarding the Carlisle Zoning Hearing Board, the Borough of Carlisle, and ABF Freight Systems, Inc. (Appellees) counsel fees in the amount of $337.50, $157.50, and $500.00, respectively. The trial court's decision is reversed.

On January 29, 1986, Carlisle Zoning Hearing Board (Board) granted ABF Freight Systems, Inc. (ABF) a paving variance which gave ABF the right to pave more than 50% of its property. ABF intended to develop this property as a truck terminal. In accordance with Section 333 of Carlisle's Zoning Ordinance 1233 (Ordinance), the Board emphasized that ABF's failure to obtain a zoning and building permit within six months from the date of the January 29, 1986 decision would render the variance null and void.

On April 28, 1987, ABF requested its first extension of the six month time period pursuant to Section 333 of the Ordinance.[2] The zoning officer granted an extension until October 29, 1987. Appellants did not appeal this decision. On September 10, 1987, the Borough granted ABF final approval of its Land Development Plan.[3] On October 15,

1. Citizens for Responsible Development is a non-profit corporation duly organized on June 3, 1987 whose purpose is to promote responsible development in the Carlisle area and to see that the zoning ordinances are enforced equitably.

2. Section 333 provides as follows:
No variance or special exception shall be valid or effective unless a zoning permit and a building permit shall be obtained and issued within six months of the decision of the Zoning Hearing Board or court granting the variance or special exception. If, however, the applicant has been delayed in obtaining a zoning permit and building for some reason beyond the applicant's control, the Zoning Officer may extend the time for obtaining the zoning permit and building permit beyond the six-month period.

3. Appellants appealed this September 10, 1987 Borough decision to the Zoning Hearing Board on October 8, 1987 pursuant to Section

1987, ABF again requested an extension, stating in its letter to the zoning officer that: "In light of the procedural posture of the ABF Plan and the passage of time since the granting of the above variance, we would ask that the time for obtaining a zoning permit in order to validate this variance be extended for an additional period of six months." The zoning officer granted the second extension which expired April 29, 1988. Appellants appealed this extension to the Board pursuant to Section 1007 of the Municipalities Planning Code, 53 P.S. § 11007, contending that the extension was violative of Section 333 of the Ordinance. The Board affirmed the zoning officer's decision concluding that he exercised his reasonable administrative powers in granting the extension and that ABF was not required to assume the risk of obtaining a building permit and commencing construction of its terminal if it elected to seek extensions until litigation involving the facility was resolved. Board's Findings of Fact, Nos. 10, 11.

Appellants subsequently filed an appeal with the trial court challenging the propriety of the Board's findings stated above as well as the Board's interpretation of Section 333 of the Ordinance. The trial court upheld the Board's decision and further indicated in its opinion that "the procedural issue raised in the present appeal is frivolous. It would entitle appellees to an award of counsel fees pursuant to the Judicial Code at 42 Pa. C.S. § 2503(7).... 'We hesitate, however, in the absence of a request by (an opposing party) to take such a step sua sponte'." April 25, 1988 Trial Court Opinion, p. 3.

Not surprisingly, Appellees [4] filed a petition for award of counsel fees and a petition for rule to show cause on May 24, 1988. The trial court granted the rule to show cause on

1007 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 11007 contending that the Plan did not meet the zoning requirements set forth in Zoning Ordinance No. 1233.

**4.** This Court notes that Petitioners listed in the petition for the award of counsel fees specifically lists the Borough and the Board, not ABF. ABF was however listed as a party in the caption of the petition for the award of counsel fees.

May 25, 1988. A hearing was held on June 3, 1988 to determine whether counsel fees should be awarded and if so how much.[5] Following the hearing, the trial court issued its decision and order granting Appellees' petition for counsel fees.

Appellants initially contend before this Court that the trial court lacked jurisdiction to award Appellees counsel fees. In the alternative, Appellants contend that the trial court erred in awarding counsel fees in this particular instance because Appellants' appeal was taken in good faith and was an issue of first impression.

■ Appellants' initial argument that the trial court lacked jurisdiction to enter its June 28, 1988 order directing Appellants to pay Appellees counsel fees is without merit. Both Appellees and the trial court acted within the thirty-day period set forth in Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505, thus preserving the trial court's jurisdiction in this matter. *Compare Municipal Council of the Municipality of Monroeville v. Kluko*, 102 Pa. Commonwealth Ct. 49, 517 A.2d 223 (1986), where this Court held that the trial court lacked jurisdiction when neither the trial court nor the litigants had taken any action within thirty-days of the entry of the trial court's order.

■ Appellants' alternative argument that the trial court's findings of frivolity and bad faith were not supported by the record is well taken. The president of Citizens for Responsible Development testified at the June 3, 1988 hearing that it was the applicant's burden to state specific reasons when requesting an extension; that ABF's reasons were extremely vague; and that if persons looked into the record they would not be aware of exactly what was going on. The president further stated that persons not deeply involved in this issue would not understand why

5. The trial court's initial statement at this proceeding was: "As I see the issue before me this morning, the question is the reasonableness of the counsel fees, that is all. Not whether the counsel fees should be awarded or not. I have already determined that they should be. So that is why I entered a Rule." N.T., p. 3.

the extension was granted without any specific request and that the extension would be viewed as an example of the Borough's compliance with any request made by a developer, thus setting a dangerous precedent. The president also testified that Citizens For Responsible Development had given their appeal much thought, held a meeting to decide what action to take and consulted with attorneys who concluded that there were legitimate grounds for an appeal of the extension. N.T., pp. 18–24.

It appears from the record that Appellees requested counsel fees pursuant to Section 2503(9) of the Judicial Code, 42 Pa. C.S. § 2503(9), which permits counsel fees where the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith. Appellees thus bear the burden of proving that the actions of the Appellants were arbitrary, vexatious or in bad faith. *In re Estate of Roos*, 305 Pa. Superior Ct. 86, 451 A.2d 255 (1982).

After careful review of the record, this Court concludes that Appellees did not meet their burden of proof in this matter. There is no evidence in the record to support the trial court's finding that this appeal was made in bad faith and in an unreasonable attempt to delay ABF's terminal project. Appellants merely exercised their statutory right to appeal a decision of the Board which they determined was an erroneous interpretation of the zoning ordinance. Moreover, Appellants' interpretation of Section 333 requiring specific written reasons which are beyond the Applicant's control in order to obtain an extension has legal merit, thus negating the presumption of frivolity. To award counsel fees in this matter would have a chilling effect on property owners' rights to appeal decisions of the Board. Accordingly, this Court concludes that the trial court's award of counsel fees was not in accordance with the law nor supported by the evidence of record. The trial court's decision of June 28, 1988 is therefore reversed.

## ORDER

AND NOW this 31st day of July, 1989, the decision of the Court of Common Pleas of Cumberland County is hereby reversed.