582 A.2d 1054

**FIRST NATIONAL BANK OF NORTHEAST, Appellee,**

v.

**Walter D. GOOSLIN, Robert C. Efford and
Flyin' Goose Corp.,**

**Appeal of Norman J. WILCKE, Claimant.**

Superior Court of Pennsylvania.

Argued June 12, 1990.

Filed October 9, 1990.

Reargument Denied Dec. 20, 1990.

Marvin L. Wilenzik, Norristown, for appellant.

James H. Thomas, Lancaster, for appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

The appellant, Norman J. Wilcke ("Wilcke"), has appealed from the December 13, 1989 Order of the Court of Common Pleas of Lancaster County, denying his petition for special damages and counsel fees.

The record reveals that in 1983, Walter D. Gooslin, Robert Efford and the Flyin' Goose Corporation, pledged a dredge as collateral for a loan issued to them by the First National Bank of Northeast ("Bank"), appellee herein. The debtors subsequently defaulted on the loan, and the Bank entered judgment against the debtors in the Court of Common Pleas of Chester County. Based upon this judgment, the Sheriff of Lancaster County levied upon the dredge, known as "Rhonda Crystal", which was located within Lancaster County. After the levy was issued, Wilcke filed a property claim pursuant to Pa.R.C.P. 3202:

> (a) A claim to tangible personal property levied upon pursuant to a writ of execution shall be in writing and substantially in the form provided by Rule 3258 and shall be filed with the sheriff prior to any execution sale of the property claimed.

(b) The claim shall be signed by the claimant or some one on his behalf, and shall set forth.

(1) a list of the property claimed sufficient to identify it;

(2) an estimate of the value of the property;

(3) a statement of the source of the claimant's ownership of the property.

*See* Pa.R.C.P. 3202.

The Sheriff of Lancaster County subsequently determined that Wilcke was the owner of the Rhonda Crystal. The Bank objected to the Sheriff's findings, thus commencing an action in interpleader. Evidentiary hearings were held in May and in June of 1987. On July 1, 1988, Wilcke filed a petition, requesting that the court order the Bank to pay the storage and maintenance costs associated with the Rhonda Crystal. R.R. at 3a. Thereafter, on January 30, 1989, the trial court upheld the Sheriff's determination that Wilcke was the owner of the Rhonda Crystal. In so doing, the court rejected various theories offered by the Bank to support the position that Walter Gooslin was the owner of the Rhonda Crystal, i.e., abandonment by Wilcke and the existence of a lease-purchase agreement between Wilcke and Gooslin. The January 30, 1989, Order by its terms does not award to Wilcke any monies for storage and maintenance costs. The trial court never ruled upon Wilcke's July 1, 1988, petition seeking storage and maintenance costs. Neither the Bank nor Wilcke appealed from the January 30, 1989, Order.

Over three months after the entry of the Order confirming title to the Rhonda Crystal in Wilcke, Wilcke filed a petition again seeking payment for the costs of storing and maintaining the Rhonda Crystal during the above-described proceedings. Wilcke also sought, for the first time, counsel fees pursuant to 42 Pa.C.S.A. § 2503(5). The trial court denied Wilcke's petition, ruling that Wilcke waived these claims by failing to appeal from the court's Order of January 30, 1989. We affirm.

■ In regard to Wilcke's claim for storage and maintenance costs, Wilcke filed a claim for these monies on July 1, 1988, using the same docket number, Execution No. 54, January 1985, as his then-pending property claim under Pa.R.C.P. 3202. By failing to seek a modification of the trial court's Order of January 30, 1989, or to file an appeal therefrom, Wilcke waived his claim that the trial court erred when the court did not award the requested storage and maintenance costs. The January 30, 1989, Order determined the issue of ownership of the Rhonda Crystal as a final matter, thus resolving the dispute under Execution No. 54, January 1985.

■ Turning to Wilcke's claim for counsel fees, we note that Wilcke did not request such fees until over three months after the entry of the January 30, 1989, Order. It is settled law that counsel fees cannot be sued for separately from the principal claim. "Separate suits constitute an impermissible splitting of but one cause of action." *Goldberg v. Goldberg*, 306 Pa.Super. 504, 506, 452 A.2d 838, 839 (1982) (citation omitted). *See also Kessler v. Old Guard Mutual Insurance Co.*, 391 Pa.Super. 175, 570 A.2d 569 (1990) (claim for prejudgment interest on prior judgment was waived where insureds made no attempt to amend the judgment, which had been entered by the trial court and affirmed on appeal, to include prejudgment interest); *Mantell v. Mantell*, 384 Pa.Super. 475, 559 A.2d 535 (1989) (separate action to recover counsel fees, where recoverable, is part of principal action and must be asserted therein). Wilcke's contention that he had an absolute right to recover counsel fees pursuant to 42 Pa.C.S.A. § 2503(5) does not alter our conclusion that he cannot recover counsel fees in this action. Even assuming, *arguendo*, that Wilcke did have such a right to attorney fees, his failure to assert it in his action under Pa.R.C.P. 3202 results in a waiver of this claim. It is axiomatic that finality of judgment extends not only to matters actually determined but also to matters

which could properly have been raised and determined therein.[1]

Based upon the foregoing, we affirm.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

In this case we are asked to decide whether a claim for special damages and attorney's fees in an interpleader action may be raised by a petition filed more than thirty days after the order establishing ownership of the disputed property has been entered, if there was no award of special damages or counsel fees at the time of the order, and no appeal from the order was taken.

The disputed property was a dredge named "Rhonda Crystal", which was levied upon by the Sheriff of Lancaster County pursuant to a judgment obtained by First National Bank of Northeast [First National] against Walter D. Gooslin, Robert L. Efford and Flyin' Goose Corporation. After the levy was issued, a property claim was filed by Norman J. Wilcke, Claimant. The Sheriff determined that Mr. Wilcke was the true owner of the dredge, (*See*, Rules 3202, 3204, Pa.R.C.P., 42 Pa.C.S.). First National filed an objec-

---

1. Given our disposition of the case *sub judice*, we need not consider whether Wilcke has an absolute right to recover reasonable attorney fees under 42 Pa.C.S.A. § 2503(5). Even were this Court to decide that the holding of *First National Bank of Allentown v. Koneski*, 392 Pa.Super. 533, 573 A.2d 591 (1990), that an award of attorneys fees is mandatory where the debtor prevails in a confession of judgment action involving residential real estate, should be extended, we nevertheless conclude that this right, like many others can be waived.

We do note that the language of 42 Pa.C.S.A. § 2503 employs the terms "shall" in setting forth the right of litigants to receive counsel fees:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

\* \* \* \* \* \*

(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

42 Pa.C.S.A. § 2503(5). *See also Drum v. Leta*, 354 Pa.Super. 448, 512 A.2d 36 (1986) (given the language in 41 P.S. § 407(b), that a debtor *shall be entitled* to recover fees and costs, an award of attorney fees is mandatory where debtor has successfully prevailed in causing judgment by confession against him to be stricken).

tion to the Sheriff's finding, thus commencing an action in interpleader. Evidentiary hearings were held on May 21, 1987 and June 16, 1987, and on July 1, 1988, Mr. Wilcke petitioned the court to order First National to pay storage and maintenance charges. No ruling was made by the court on the July 1, 1988 petition for storage fees.

On January 30, 1989, over a year and a half after the evidentiary hearings were held, the Court of Common Pleas of Lancaster County overruled First National's objection, and held that upon consideration of the parties briefs and the testimony given in 1987, the Sheriff's finding in favor of Mr. Wilcke should stand. This order was docketed the same day, but no judgment was entered, and no mention was made of either counsel fees or special damages, such as storage and maintenance charges. Neither the plaintiff nor the claimant filed an appeal from this order within thirty days.

On May 10, 1989, over three months from the entry of the order in question, Mr. Wilcke filed an Application for Award of Special Damages and Counsel Fees to be payable by First National. The storage fees were calculated to be $5,829.00, and the attorney's fees were calculated to be approximately $45,000.00. The trial court "declined to entertain claimant's present application," (Trial Court Opinion at 4, December 12, 1989), on the basis that, "any special damages or counsel fees to which the claimant is entitled *shall* be included in the judgment," and "the Order of January 30, 1989 contained no provision for an award of either special damages or counsel fees, and no post-trial motions were filed with respect to it." (Trial Court Opinion at 4, December 12, 1989).

The trial court relied on the language of Rule 3213, Pa.R.C.P., 42 Pa.C.S., and the unsuspended language of 12 P.S. 2371, to support its findings. Rule 3213 states:

*Judgment*
The judgment in the interpleader proceedings shall determine the title to the claimed property as among the parties to the interpleader, provide for the disposition of

the proceeds of sale thereof, fix the amount of special damages sustained by the claimant if he has sustained his claim or the amount of any liability of the claimant if property has been delivered to him as to which he has not sustained his claim, and shall include such counsel fees as may be awarded by the court as part of the costs. 12 P.S. § 2371 states:

In all issues framed under this act [concerning interpleader proceedings], all the costs of the proceeding shall follow the judgment and be paid by the losing party as in other cases.

Appellant cites 42 Pa.C.S. § 2503 to support his contention that because counsel fees are a cost taxable to the losing party in an interpleader action, application for such fees may be made after the court has determined title to the claimed property.

42 Pa.C.S. § 2503 states in pertinent part:

*Right of participants to receive counsel fees*

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(5) The prevailing party in an interpleader proceeding in connection with execution upon judgment.

I do not think the resolution of the problem concerning when a prevailing party must make application for attorneys fees and special damages is self-evident from the statutes cited. Nor do I find, after reading the cases cited in the briefs, and examining the case law in this area, that Pennsylvania case law provides sufficient guidance on this issue.

Accordingly, I would vacate the order denying Appellant's application, and remand for determination of special damages and counsel fees. I believe that to deny the Appellant opportunity to present his claim under these circumstances is unfair. However, in order to guide practitioners in the future, I would hold that a claim for special damages and counsel fees must be filed *prior to the court's*

judgment determining ownership of the claimed property in an interpleader action. Failure to file such claims prior to the determination of ownership should result in waiver of the prevailing party's right to claim such damages and fees. Following the court's determination of ownership, a hearing, if necessary, should be held to determine the amount of special damages or counsel fees.

Furthermore, the court's decision should track the relief mandated by Rule 3213, Pa.R.C.P., 42 Pa.C.S. Therefore, it should not only include a determination of the title, it should provide for the disposition of the proceeds of sale, if applicable; fix the amount of special damages sustained by the prevailing claimant, or the amount of any liability of the claimant if property has been delivered to which it has not sustained its claim, and determine the amount of the award of counsel fees. *See,* Rule 3213, Pa.R.C.P., 42 Pa.C.S. Therefore, I dissent.