**Grove v. Scott**

*Joseph W. Moyer,* for petitioner.
*Michael M. Badowski,* for respondent.

UHLER, *J.,* October 9, 1992—Before the court is a petition by Physicians Diagnostic Center, P.C., to recover attorneys fees from the plaintiff pursuant to 42 Pa.C.S. §2503 and §8355.

A summarized version of the extensive procedural history is as follows:

(1) On June 1, 1990, plaintiffs, the Groves, initiated a civil action against multiple defendants, including Physicians Diagnostic Center, P.C., by filing a writ of summons.

(2) A rule to file a complaint was filed by Physicians on June 20, 1990.

(3) On August 24, 1990, plaintiffs filed a complaint, naming Physicians as one of the defendants.

(4) On September 7, 1990, defendant Physicians filed preliminary objections to the complaint.

(5) On September 26, 1990, plaintiffs filed an amended complaint.

(6) On November 1, 1990, Physicians filed preliminary objections to the amended complaint.

(7) On November 27, 1990, Physicians filed a praecipe to list the preliminary objections for disposition by one judge.

(8) On December 14, 1990, Physicians filed a supplemental praecipe to list the case for one-judge disposition.

(9) On May 15, 1991, the court denied defendant's, preliminary objections.

(10) On May 28, 1991, Physicians answered the complaint with new matter.

(11) On March 25, 1992, plaintiffs moved for a rule to show cause why the action against Physicians should not be discontinued. The rule issued and was made returnable within 20 days.

(12) On May 7, 1992, plaintiffs moved for an order that the rule be made absolute, discontinuing the action against Physicians.

(13) On May 15, 1992, Physicians filed a praecipe to certify service of the order discontinuing the action against them.

(14) On May 21, 1992, Physicians asked the prothonotary to mark the action discontinued and ended as to defendant, Physicians.

(15) On July 27, 1992, Physicians petitioned this court for attorneys fees pursuant to 42 Pa.C.S. §2503 and §8355.

There are two distinct issues pending before the court: first, whether this court retains jurisdiction to consider and decide Physicians Diagnostic Center's petition for attorneys fees; and second, if this court finds it has jurisdiction, whether the award of attorneys fees is appropriate. Preliminarily, we will only address the first issue regarding jurisdiction because the second issue may require a factual hearing.

"Jurisdiction refers to the competency of a court to determine controversies of the general class to which the case belongs and to bind the parties by its decision." *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 241, 579 A.2d 1282, 1283, n.1 (1990).

As may be seen, the procedural history reflects, on March 25, 1992, the plaintiffs moved for a rule to show cause why the action against Physicians be discontinued and thereafter on May 7, 1992, moved that the rule be

made absolute, discontinuing the action against Physicians. Thereafter, on May 15, 1992, and May 21, 1992, Physicians filed requests with the Prothonotary's Office concerning this matter, yet no claims relating to the attorneys fees issue were made. On July 27, 1992, Physicians petitioned the court for attorneys fees pursuant to 42 Pa.C.S. §2503 and §8355. An analysis for each section is necessary.

First 42 Pa.C.S. §2503 provides, in its pertinent parts:

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:...

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter....

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

It is apparent that a claim filed for reasonable attorneys fees pursuant to section 2503 of Title 42 is intended to be part of the taxable costs of the case. As recognized in *Shevchik v. Zeregel,* 8 D.&C.4th 66, 67 (1990), a claim for attorneys fees under section 2503 should be raised by the conclusion of the underlying action, utilizing the record and history in the action as a basis to support the claim. *Id.* at 67. "Accordingly, the right to bring such a claim is preserved, but separated, and heard when all the facts in the underlying case are known." In *Shevchik,* the original defendants joined the additional defendants. The additional defendants filed an answer to the joinder complaint wherein as part of the new matter, a claim requesting counsel fees pursuant to 42 Pa.C.S. §2503(9) was included. The court properly held that

the claim for attorneys fees was preserved pending the conclusion of the underlying action and that the issue should be resolved at the actions' conclusion.

In the within action, we are not confronted with analogous posture as that found in *Shevchik.* Plainly, the additional defendants in *Shevchik* formerly raised the claim for attorneys fees prior to the final resolution of the action whereas in the within action no claim was raised until a period of time after voluntary termination.

When a plaintiff takes a voluntary non-suit, it is as if the original suit was never initiated. *Williams Studio v. Nationwide Mut.,* 380 Pa. Super. 1, 550 A.2d 133 (1988). Thus, in the case at hand, following the rule absolute order on May 7, 1992, wherein there were no previously claimed section 2503 counsel fees sought it was as if the original suit was never initiated against Physicians.

We find that the defendant Physicians waited too long to assert a timely section 2503 claim.

Title 42 Pa.C.S. §5505 provides that:

"[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

In *Municipal Council of Monroeville v. Klugo,* 102 Pa. Commw. 49, 517 A.2d 223 (1986), the court held that the trial court lacked jurisdiction to enter an order because no action was taken by the trial court or the litigants within 30 days of the entry of the trial court's order. *Id.* at 53, 517 A.2d at 225. See also, *Citizens for Responsible Development v. Carlisle Zoning Hearing Board,* 127 Pa. Commw. 640, 562 A.2d 938 (1989).

In the case at hand, on May 7, 1982, the plaintiffs moved for an order that the rule be made absolute dis-

continuing the action against Physicians. The plaintiffs' motion was filed 43 days after seeking the court approved non-suit. No requests or objections were made by Physicians. In fact, Physicians did not make their request for attorneys fees pursuant to sections 2503 and 8355 until July 27, 1992, (81 days after the plaintiffs moved for the order to be made absolute and 124 days after the request for court-approved non-suit). Physicians had contact with this court prior to July 27, 1992, on May 15, 1992, when it filed a praecipe and on May 21, 1992, when it asked the prothonotary to mark the action ended as to Physicians. However, on neither of these occasions did Physicians request attorneys fees. Thus, since Physicians failed to attempt to modify the rule or order within 30 days and preserve their claim for attorneys fees, this court finds that it does not have jurisdiction for Physicians claim for attorneys fees pursuant to 42 Pa.C.S. §2503.

Additional support for the court's position may be drawn from the provisions adopted for seeking costs found in Local Rule 100, et. seq. of the York County Rules of Court. Bills of costs must be presented within four days of the judgment or verdict to the prothonotary. The prompt request for costs enables the final judgment or resolution to include an appropriate claim.

We are not persuaded that defendant Physicians numerous prior written advices to the plaintiffs that it intended to pursue attorneys fees upon resolution of the within action alters the requirement to formerly plead or claim counsel fees within the established timeframes within which the action was pending.

Finally, we determine that Rule 1451 of the Pennsylvania Rules of Civil Procedure suspends the ramifications of 42 Pa.C.S. §8355 insofar as it applies to practice and procedure in actions governed by the Rules of Civil Procedure. The suspension, effective May 11, 1990, an-

tedates the commencement of the action and applies to practice and procedure in actions governed by the Rules of Civil Procedure. Thus, Pennsylvania practice does not include a comparable enforceable Rule to that of Rule 11 of the Federal Rules of Civil Procedure. Consequently, no claim may be sought under section 8355.

As a result of the foregoing, this court finds that it does not have jurisdiction to entertain Physicians claim for attorneys fees pursuant to 42 Pa.C.S. §2503 and §8355.

An appropriate order shall be entered.

### ORDER

And now, October 9, 1992, this court orders that Physicians' request for attorneys fees pursuant to 42 Pa.C.S. §2503 and §8355 is denied due to the fact that this court does not have jurisdiction to entertain the claim.