628 A.2d 444

**THREE RIVERS REALTY GROUP, INC., a Corporation, and Simon Glick, an individual, trading as Manor Oaks Associates, L.P. also known as Manor Oak Associates, L.P., Appellants,**

v.

**Richard ERENBERG, an individual, and John Tunno, an individual, trading as TCN, a partnership.**

Superior Court of Pennsylvania.

Argued April 15, 1993.

Filed July 26, 1993.

90

R. Bruce Carlson, Darlene M. Nowak, Pittsburgh, for appellants.

Jonathan P. Clunies, Pittsburgh, for appellees.

Before WIEAND, POPOVICH and HESTER, JJ.

HESTER, Judge.

Three Rivers Realty Group, Inc. and Simon Glick, an individual, t/d/b/a Manor Oak Associates, appeal from the August 5, 1992 order entered by the Court of Common Pleas of Allegheny County awarding attorney's fees and costs in the amount of $12,743.72 to Richard Erenberg, appellee. Appellee, together with John Tunno, traded and did business as TCN (Total Cellular Network). Appellee signed a commercial

lease for office space as vice-president on behalf of TCN. The lease contained a confession of judgment clause. Appellants utilized this clause to confess judgment against appellee individually after TCN defaulted. The trial court subsequently opened the confessed judgment. In the instant order, the trial court awarded attorney's fees and costs to appellee pursuant to Act 6 of 1974, 41 P.S. § 101, *et seq.* (hereinafter the "Act"). The Act contains requirements for giving notice in certain proceedings that seek to attach residential real property. It also permits the imposition of attorney's fees and costs after a debtor prevails in opening a confessed judgment against residential real property and when the creditor failed to comply with the Act's notice requirements. We reverse.

The record reveals the following. On August 1, 1989, the parties entered into a lease for commercial office space (the "lease"). The lease was executed by appellee on behalf of TCN. The lease contained a provision empowering any prothonotary or attorney of any court of record to appear and confess judgment against the tenant, which was identified as TCN but signed on its behalf by appellee, for rent, additional rent, or any charges and expenses. Subsequently, appellee's associate, John Tunno, executed an instrument which purported to amend the original lease which was necessitated when TCN moved to other space in the building to accommodate renovations to be done by appellants as landlords. The purported amendment did not contain a confession of judgment clause.

Appellee did not execute this amendment, which was signed only by Tunno, who did not identify in what capacity he signed it. A dispute exists whether this second agreement constituted an amendment to the original lease, thereby continuing the effectiveness of the confession of judgment clause contained in the first lease, or whether it constituted an entirely new lease agreement that did not contain a confession of judgment clause.

On March 8, 1991, appellants confessed judgment against appellee for the balance of the unpaid rent, fees, and costs, totalling $62,055. Since TCN never was incorporated, appel-

lants referred to TCN as a partnership and appellee as a general partner. They confessed judgment and filed a praecipe for writ of execution against a bank account in appellee's name. A bond subsequently was posted to dissolve the attachment against the bank account.

On March 14, 1992, appellee filed a petition to open or strike the judgment confessed against him. He alleged that there were factual issues concerning whether the judgment properly was entered against him individually. The trial court granted appellee's motion to open the judgment but denied his motion to strike.

On February 18, 1992, appellee filed a motion requesting attorney's fees and costs since appellants had confessed judgment against him personally and since a judgment automatically operates as a lien against his residential real property in the county. Appellee premised his entitlement to relief on appellants' violation of the Act. He asserted that the lien constituted an attachment of his residential property. The Act permits the award of attorney's fees and costs where the debtor prevails in opening a confessed judgment. The trial court granted attorney fees and costs pursuant to the Act since appellee had prevailed in opening the judgment. This appeal followed.

Appellants argue that the Act was not intended to apply in instances when there is no attempt to collect a judgment against residential real estate. We agree. *See Drum v. Leta,* 354 Pa.Super. 448, 512 A.2d 36 (1986) (attempt to execute judgment as to residential real estate makes this statute applicable). We do not find that recording a judgment without any further attempt to execute upon an individual's residential real estate brings the Act into play; otherwise, any judgment entered against an individual owning residential real property would implicate the Act. This obviously was not the intent of the Act. The Act may be implicated whenever there is an attempt to collect the judgment against the residential real estate. *Id.* That is not the case herein. Since the Act

does not apply, the court erred in granting attorney's fees and costs.

Order reversed. Jurisdiction relinquished.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring.

I concur. The transaction reviewed by the trial court in the instant cases was not a residential mortgage transaction, and there was no attempt to enforce a judgment obtained by confession against residential real estate. Therefore, the Act of January 30, 1974, P.L. 13, No. 6, 41 P.S. § 101 et seq., and its provisions allowing the recovery of counsel fees have no application.