**BOROUGH OF CONSHOHOCKEN,**
Appellant,

v.

**BOROUGH OF CONSHOHOCKEN AUTHORITY and Anthony Fabrezio, Mayor of the Borough of Conshohocken.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1994.

Decided Feb. 10, 1995.

---

---

Gary R. Leadbetter, for appellant.

Francis T. Dennis, Jr., for appellees.

Before COLINS, President Judge, and DOYLE, and NEWMAN, JJ.

DOYLE, Judge.

This is an appeal by the Borough of Conshohocken from an order of the Court of Common Pleas of Montgomery County awarding Anthony Fabrezio, the former Mayor of Conshohocken, attorney's fees in the amount of $2,400, pursuant to Section 1117 of the Borough Code,[1] for his defense of a mandamus action brought against him by the Borough. We affirm.

The relevant facts are as follows. On January 23, 1989, Borough Council appointed Fabrezio to a five-year term as a member of the Borough of Conshohocken Authority (Authority).[2] Following that appointment, as the result of the death of the Borough's mayor in October of 1990, Fabrezio was also appointed to serve as mayor of the Borough until a special election could be held to fill the vacancy. In that special election, Fabrezio was elected mayor until the next municipal election, which was held in November of 1993.

On January 15, 1993, the Borough filed an action in mandamus in the court of common pleas against both Fabrezio and the Authority seeking to have Fabrezio removed from the Authority.[3] On February 8, 1993, Fabrezio and the Authority filed preliminary objections to this action. By an order dated August 16, 1993, Common Pleas Court Judge William T. Nicholas sustained the preliminary objections and dismissed the Borough's complaint on the grounds that a mandamus action was not the proper method for removing a public official from office.[4]

On or about August 20, 1993, Fabrezio submitted an itemized bill to the Borough for attorney's fees in the amount of $2,400 which were incurred in defending the Borough's mandamus action. The Borough refused to pay Fabrezio. Subsequently, on October 19, 1993, Fabrezio filed a petition in the court of common pleas requesting the $2,400 in attorney's fees pursuant to Section 1117(b) of the Borough Code, and, following oral argument, by an order dated February 10, 1994, Judge Nicholas entered judgment in Fabrezio's favor. This appeal followed.

The Borough raises three issues on appeal: (1) whether the court of common pleas had jurisdiction to enter an order awarding attorney's fees under Section 1117(b) of the Borough Code; (2) whether Fabrezio had waived his right to attorney's fees by not filing his petition for attorney's fees until sixty-four days after the Borough's mandamus action was dismissed; and (3) whether the award of $2,400 to Fabrezio for attorney's fees was excessive.

■ The Borough's principal argument is that the court of common pleas lacked jurisdiction since a final order had been entered

---

1. Act of February 1, 1966, P.L. (1965) ——, *as amended,* 53 P.S. § 46117.

2. The Authority operates as the sewer authority for Conshohocken. It is a municipal authority organized under the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§ 301–322.

3. The Borough believed that Fabrezio's membership on the Authority created a conflict of interest. Under Section 1104 of the Borough Code, Fabrezio would be prohibited from serving both

as mayor and as a member of the Authority if an incompatibility-in-fact was thereby created. However, we need not address the merits of the Borough's mandamus action since they are not at issue in this appeal.

4. Judge Nicholas's decision was based on the legal maxim, long held in this Commonwealth, that a "quo warranto action is the sole and exclusive method to try title or right to public office." *Spykerman v. Levy,* 491 Pa. 470, 484, 421 A.2d 641, 648 (1980).

in the mandamus action more than thirty days prior to the order awarding attorney's fees. Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, provides that:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

As the Borough correctly points out, the granting of Fabrezio's preliminary objections and the dismissal of the Borough's complaint in mandamus was a final, appealable order. *Kimmel Township Taxpayers' Ass'n. v. Claysburg Kimmel School District*, 146 Pa.Commonwealth Ct. 57, 604 A.2d 1149 (1992). Therefore, the Borough argues, Section 5505 of the Judicial Code precluded the court of common pleas from entering a new order after more than thirty days had elapsed.

The Borough relies on this Court's decision in *Municipal Council of the Municipality of Monroeville v. Kluko*, 102 Pa.Commonwealth Ct. 49, 517 A.2d 223 (1986) to support its position. In *Kluko*, members of the Monroeville Planning Commission appealed their removal from office by the Monroeville Municipal Counsel.[5] In an order dated January 11, 1982, the court of common pleas held that their removal was invalid, and also ordered that the members of the Commission would have to pay their own legal fees. Neither party appealed from that order. No exceptions were filed nor were there any motions filed for reconsideration. On February 22, 1982, over thirty days after this order was entered, the members of the Commission filed a "petition for counsel fees," and on May 24, 1982, the court reversed itself and ordered the Municipality to pay the legal fees

of the Commissioners. This Court vacated the trial court's order of May 24, 1982, holding that under Section 5505 of the Judicial Code, the court of common pleas lacked jurisdiction to enter the new order.

■ We find *Kluko* to be distinguishable from the present case. In *Kluko*, the Commission members *argued* that they were entitled to attorneys fees under Section 2503(9) of the Judicial Code.[6] We found that Section 5505 of the Judicial Code deprived the court of common pleas of jurisdiction and prevented the court from reaching the merits of the Commission members' claims. In the present case, however, Fabrezio's claim for counsel fees is grounded on an entirely different statutory provision, Section 1117(b) of the Borough Code, which states:

In the case of a legal dispute between the mayor and council, or in any other case where representation of the mayor and council by the borough solicitor would create a conflict of interest for the borough solicitor, the mayor is authorized to employ outside counsel at borough expense, not to exceed two thousand five hundred dollars ($2,500) in any twelve-month period, to perform necessary legal services.

This provision gives Fabrezio an absolute independent statutory right to attorney's fees independent and separate from any other causes of action. Unlike Section 2503(9) of the Judicial Code, Fabrezio's right to recovery is not contingent on a court's determination that the opposing party acted arbitrarily or in bad faith in the cause of action first litigated.

■ In addition, the claim in *Kluko* was barred by *res judicata*. In that case, the trial court considered the question of counsel fees and determined that the Commissioners would have to pay their own fees. Since the

---

**5.** The removal of the members of the Commission was precipitated by the Commission's legal opposition to a conditional use permit approved by the Municipal Counsel. *See Mosside Associates, Ltd. v. Zoning Hearing Board*, 70 Pa.Commonwealth Ct. 555, 454 A.2d 199 (1982).

**6.** The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503(9). As Judge John MacPhail observed in the opinion of this Court, the record in *Kluko* was completely devoid of any finding by the trial court which would have warranted the grant of attorney's fees even if it had retained jurisdiction.

Commissioners did not appeal the trial court's order within thirty days, their claim was conclusively resolved against them; future attempts to recover counsel fees were forever barred by *res judicata.* In the present case, however, principles of *res judicata* do not apply. The court of common pleas did not consider the question of attorney's fees prior to dismissing the Borough's mandamus action. Furthermore, given the procedural posture of the case, Fabrezio never had the opportunity to raise the issue of attorney's fees prior to the court rendering its order.[7] Therefore, Fabrezio's request for counsel fees is not barred by *res judicata.*

■ In sum, Fabrezio's right to attorney's fees is not so intertwined with the mandamus action brought by the Borough that it had to be decided at the same time, by the same judge, and as part of the same cause of action. Section 1117(b) of the Borough Code simply does not require that the mayor make his request for attorney's fees as part of the underlying cause of action.[8] Therefore, we hold that Fabrezio's request for attorney's fees was collateral to the Borough's mandamus action and that the court of common pleas properly had jurisdiction to award attorney's fees to him.

The Borough's second argument, based on the Superior Court's decision in *First National Bank of Northeast v. Gooslin,* 399 Pa.Superior Ct. 496, 582 A.2d 1054 (1990), is that Fabrezio waived any right to attorney's fees by not raising the issue before the trial court until sixty-four days after the mandamus action was dismissed. In *Gooslin,* debtors had pledged a dredge as collateral for a loan on which they later defaulted. The creditor bank obtained a judgment against the debtors and levied upon the dredge. Norman Wilke, a third party, then filed a property claim in which he claimed ownership of the dredge. The Sheriff found that Wilke was the owner. An action in interpleader between the bank and Wilke followed. During that proceeding, Wilke filed a petition for storage and maintenance costs associated with the dredge. The court of common pleas affirmed the Sheriff's determination, but never ruled on Wilke's petition for storage and maintenance costs. Over three months after the trial court entered the final order, Wilke filed a new petition requesting storage and maintenance costs. He also, for the first time, requested attorney's fees pursuant to 42 Pa.C.S. § 2503(5).[9] The Superior Court upheld the trial court's denial of these claims on the grounds that they had been waived. The request for storage and maintenance costs was found to be waived because of Wilke's failure to file a timely appeal from the final order of the trial court. The request for attorney's fees was dismissed because Wilke had never asserted it in his original action before the trial court.

We find *Gooslin* also to be distinguishable from the case *sub judice* and dismiss the Borough's argument that Fabrezio waived his right to attorney's fees. Similar to *Kluko,* the party in *Gooslin* claiming attorney's fees based its claim on Section 2503 of the Judicial Code. The Court held that in an interpleader action a request for attorney's fees must be made as part of the principal cause of action. However, as stated above, the present case arises under Section 1117(b) of the Borough Code which provides a separate cause of action for attorney's fees independent of the Judicial Code. Since Fabrezio had a right to attorney's fees apart from

---

7. As the trial court noted, Fabrezio could not predict that the Borough's action would be dismissed at that stage in the proceedings. Also, a request for attorney's fees could not have been properly raised in Fabrezio's preliminary objections. *See* Pa.R.C.P. 1028.

8. There may be circumstances in which a mayor would be forced to spend money for representation in a legal dispute with Council, but where the dispute would never reach a court of law. Section 1117(b) of the Borough Code would seem to provide for the mayor's reimbursement even in that situation. However, under the Borough's view the mayor would not have an independent cause of action to recover attorney's fees, and therefore would never be able to recover despite the statutory language of the Borough Code.

9. 42 Pa.C.S. § 2503(5) states:
   The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
   . . . .
   (5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

the Borough's mandamus action against him, he could not waive them by not raising them at that time. Although there may be circumstances in which a mayor's request for attorney's fees would be properly denied as unreasonable or as untimely made, the facts before us do not warrant such a conclusion here. Therefore, we find that Fabrezio did not waive his right to attorney's fees in this case.

The Borough's final argument is that even if Fabrezio is entitled to attorney's fees, the award of $2,400 is excessive in this case.[10] The Borough claims that part of this amount is really being used to pay for work performed on behalf of the Authority and thus is not recoverable under Section 1117(b) of the Borough Code. There is, however, no evidence in the record to support this claim by the Borough. While it is true that some of the work performed for Fabrezio may have incidentally benefitted the Authority, this was inevitable since they were co-defendants in the mandamus action and naturally shared common interests. The trial court found the amount requested by Fabrezio to be "reasonable and appropriate." Determinations of this kind are properly within the power of the trial court and will not be disturbed on appeal absent an abuse of discretion. *See Shearer v. Moore*, 277 Pa.Superior Ct. 70, 419 A.2d 665 (1980). We find nothing in the record suggesting that the trial court acted improperly in awarding Fabrezio attorney's fees in the amount of $2,400. Therefore, we reject the Borough's argument that the award is excessive and should be vacated or reduced.

Accordingly, we affirm the order of the Court of Common Pleas of Montgomery County awarding attorney's fees to Fabrezio in the amount of $2,400.

### ORDER

NOW, February 10, 1995, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

---

10. As part of this argument, the Borough claims that the attorney's fees requested by Fabrezio include expenses incurred in trying to recover attorney's fees from the Borough, and as such, cannot be recovered. The trial court found that the Borough had waived this part of its argument by not making it in its brief or raising it at oral argument. The Borough has failed to point to anything in the record which would indicate that this conclusion was in error. Therefore, we dismiss this part of the Borough's argument without reaching the merits.