**CIVIC CENTER CLEANING CO., INC., Plaintiff,**

**v.**

**REGINELLA CORPORATION, Defendant.**

**Civ. A. No. 88–2770.**

United States District Court, W.D. Pennsylvania.

May 11, 1992.

Gregory M. Devine, Pittsburgh, Pa., for plaintiff.

Dennis S. Shilobod, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEWIS, District Judge.

The above-captioned case was docketed at adversary number 88–507 in bankruptcy case number 88–1233 in the United States Bankruptcy Court for the Western District of Pennsylvania. It is captioned a "complaint to compel turnover of property," but, in it, debtor Civic Center Cleaning Co., Inc. ("Civic Center") asserts that Reginella Corporation ("Reginella") breached a pre-petition contract by failing to pay amounts allegedly due to Civic Center. Reginella has asked this court to withdraw reference of this proceeding from the bankruptcy court and to require that Civic Center bring the suit in state court rather than in this court.

The court will withdraw reference but will not determine whether to abstain until after inquiring further of the parties.

■ Civic Center's claim, although filed in the bankruptcy case, is a "non-core" proceeding in which Reginella is entitled to a jury trial. *Beard v. Braunstein,* 914 F.2d 434 (3d Cir.1990). As such, it cannot be heard in the bankruptcy court unless the parties have consented to the bankruptcy judge's hearing it. *Id.* at 443 n. 14. Reference must be withdrawn.[1]

■ For a number of reasons, however, the court will not decide whether to abstain from hearing this case until it obtains more information from the parties. First, despite Reginella's contentions to the contrary, the court has jurisdiction. Title 28, United States Code, section 1334(b) confers upon this court jurisdiction over all cases "arising in or related to cases under title 11." This case is at least "related to" the Civic Center bankruptcy because any recovery eventually obtained would enhance Civic Center's estate in bankruptcy. *Cf. Beard,* 914 F.2d at 436 n. 1. Therefore, the court has jurisdiction over this matter even though there is no federal question presented and it fails to meet diversity requirements. *See also In re Merritt Logan, Inc.,* 901 F.2d 349, 356 (3d Cir.1990).

If the court were to abstain from hearing this case, then, it would have to do so pursuant to 28 U.S.C. § 1334(c). Section 1334(c)(2) would require the court to abstain if certain conditions were met. One of those conditions is that a state court action already have been commenced. This court is unaware that any state court action has been commenced. Therefore, unless the parties advise the court otherwise, it cannot abstain under the mandatory abstention provisions of § 1334(c)(2).

■ Alternatively, 28 U.S.C. § 1334(c)(1) permits the court to abstain from hearing this case "in the interest of justice, or in the interest of comity with State courts or respect for State law." The decision of whether to abstain pursuant to this section is a matter for the court's discretion. *See In re Southwinds Associates Ltd.,* 115 B.R. 857, 861 (Bankr.W.D.Pa.1990).

■ Courts have considered the following factors in determining whether to abstain under 28 U.S.C. § 1334(c)(1): the possible effect of abstention on the administration of the estate in bankruptcy; the extent to which state law issues predominate over

1. The issue of whether a proceeding is "core or non-core" is perhaps more appropriately left to the bankruptcy court judge in the first instance. *See In re Ellwood City Iron & Wire Co.,* 51 B.R. 222 (W.D.Pa.1985). In this case, however, given the clear mandate of *Beard,* referring the issue to the bankruptcy court judge would clearly merely result in the case coming right back to this court as a non-core matter. It is therefore more efficient to decide the issue at this stage.

bankruptcy issues; the difficulty or unsettled nature of the applicable state law; the presence of any related proceeding; the jurisdictional basis, if any, of the suit other than 28 U.S.C. § 1334; the degree to which the case is related to the bankruptcy proceeding; the substance of the case; the feasibility of permitting a judgment to be entered in state court when enforcement would be left to the bankruptcy court; the burden on this court's docket; the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; the existence of a right to a jury trial; the presence in the proceeding of nondebtor parties; and any other unusual or significant factors. *In re Nationwide Roofing & Sheet Metal, Inc.,* 130 B.R. 768, 779–80 (Bankr.S.D.Ohio 1991).

In this case, it is clear that the court would not have jurisdiction over this case absent 28 U.S.C. § 1334. It is similarly clear that the suit involves questions of state contracts law, an area which is generally neither unsettled nor difficult. The parties have not advised the court as to a number of factors crucial to its abstention decision, however. For example, the court is unclear that a suit based upon these facts but filed at this late date could be maintained in state court. The court is similarly unclear as to the status of the bankruptcy proceeding or the effect this case could have on that proceeding.

For these reasons, the court will schedule a conference at which it will make inquiry to determine whether to abstain from hearing this case. Should the court decide not to abstain, the court will establish a discovery and pretrial schedule and set a trial date.

An appropriate order will follow.

## ORDER

AND NOW, this 11th day of May, 1992, upon consideration of the motion for withdrawal of reference and abstention filed by defendant Reginella Corporation at bankruptcy court docket number 5 on December 19, 1988, and upon further consideration of the answer to said motion filed by plaintiff Civic Center Cleaning Co., Inc.,

IT IS HEREBY ORDERED that defendant's motion is GRANTED in part and DENIED in part. Specifically, for the reasons set forth in the accompanying opinion, this court will withdraw reference of the above-captioned adversary action from the bankruptcy court. It will not, however, abstain from hearing the above-captioned case at this time, pending a discussion of the issue at the discovery/scheduling conference scheduled herein.

IT IS FURTHER ORDERED that counsel in the above-captioned case are to appear for a discovery/scheduling conference before this court on *Friday, May 29, 1992,* at *9:00 a.m.* in Room 1014, Tenth Floor, U.S. Post Office and Courthouse, Pittsburgh, PA 15219.

IT IS ALSO ORDERED that, *seven (7) days prior to the discovery/scheduling conference,* counsel are to file a Joint Stipulation Regarding Discovery. The Stipulation shall contain the following:

1. the date of the discovery conference and the appearances for the parties;

2. a statement of the allegations and issues as they then appear;

3. a detailed discovery plan setting forth an estimate of:

    (a) the number of depositions required and the names of persons to be deposed;

    (b) the number of written interrogatories, requests for production of documents and requests for admissions, and the parties to whom they will be addressed;

    (c) the details of any anticipated discovery involving third parties; and

    (d) the details of any other discovery contemplated, if any;

4. a statement of any anticipated limitations to be placed on discovery, including any protective or confidentiality orders;

5. a statement of those discovery issues, if any, upon which counsel, after a good faith effort, were unable to agree; and

6. names, addresses, phone numbers, and signatures of counsel and, where appropriate, pro se litigants.

The parties are advised that, depending upon the complexity of the matters at issue, discovery will close ninety (90) days to one hundred fifty (150) days from the date of the discovery/scheduling conference.

The parties are further advised that the discovery/scheduling conference will not be rescheduled absent a showing of manifest injustice in a written motion, and that the court will inquire into the progress of settlement discussions at the conference.

Out of town counsel may participate in the conference via conference call upon request.

The specific date upon which the trial will begin will be determined at the discovery/scheduling conference.