In re P & G REALTY CORPORATION, Alleged Debtor.

P & G REALTY CORPORATION, Movant,

v.

Richard ERENBERG, Respondent.

Bankruptcy No. 93–21508–BM.

Motion Nos. 93–982M, 93–985M.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 11, 1993.

Jonathan P. Clunies, Humphreys, Nubani & Breault, P.C., Pittsburgh, PA, for petitioning creditor/Richard Erenberg.

Darlene M. Nowak, Marcus & Shapira, Pittsburgh, PA, for respondent/P & G Realty Corp.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Alleged debtor P & G Realty Corporation ("P & G") requests (at Motion No. 93–982M) that the involuntary chapter 7 petition brought against it be dismissed or that the court abstain from hearing the case. P & G also has brought a motion (at Motion No. 93–985M) pursuant to 11 U.S.C. § 303(i) for attorney's fees and costs it purportedly has incurred in opposing the involuntary petition. Additionally, punitive damages are demanded.

Petitioning creditor Richard Erenberg denies that dismissal or abstention is warranted and opposes P & G's motion for attorney's fees, costs, and punitive damages.

The court will abstain from hearing this case for reasons set forth below. P & G's request for attorney's fees, costs, and punitive damages will be denied.

## –I–

### FACTS

P & G was incorporated in Pennsylvania in March of 1985 for the purpose of obtaining a general partnership interest in a Delaware partnership known as Manor Oak Associates. Simon Glick is P & G's president and owns fifty percent (50%) of its stock.

Three Rivers Realty Group, Inc. is the other partner of Manor Oak Associates, which was the owner of a commercial office building known as the Manor Oak Building.

On August 9, 1989, Manor Oak Associates and an entity known as TCN executed an agreement whereby Manor Oak Associates leased commercial office space in the Manor Oak Building to TCN.

The principals of TCN are petitioning creditor Erenberg and John Tunno. The lease agreement was executed on behalf of TCN by petitioning creditor Erenberg.

The lease agreement contained the following provision:

In the event of any ... default, Tenant hereby empowers any prothonotary or attorney of any court of record to appear for Tenant in any and all actions which may be brought for rent, additional rent, or other charges or expenses agreed to be paid by Tenant hereunder ... to confess judgment against Tenant....

Judgment was confessed early in 1991 in state court against Erenberg and Tunno pursuant to the above provision of the lease. The caption of the complaint in confession of judgment, as originally filed, reads as follows:

Three Rivers Realty Group, Inc., a corporation, and Simon Glick, an individual, trading as Manor Oak Associates, L.P., also known as Manor Oak Associates, L.P., Plaintiffs

v.

Richard Erenberg, an individual, and John Tunno, an individual, trading as TCN, a partnership, Defendants

P & G was **not** named as a party to the action. At no time did plaintiffs in the action in confession of judgment attempt to satisfy the judgment by executing on Erenberg's residential real property.

On March 14, 1991, petitioning creditor Erenberg filed a petition in state court to open and/or to strike the confessed judgment against him. John Tunno did not join in the petition to open and/or to strike.

On December 9, 1991, Manor Oak Associates transferred title to the Manor Oak Building to Mutual Benefit Life Insurance Company, the mortgagee, in lieu of foreclosure.

Erenberg's request to open the confessed judgment against him was granted in state court on December 20, 1991. His request to strike the judgment was denied.

On February 14, 1992, Erenberg petitioned the state court for an award of counsel fees pursuant to 41 P.S. § 407(b)[1] and 503(a)[2] ("Act 6"). Erenberg argued that these provisions applied because the confessed judgment entered against him individually served as a lien against his residential real property.

Erenberg's petition was granted. An order was entered by the state court on August 5, 1992, awarding him counsel fees in the amount of $12,743.72. The order was entered against Three Rivers Realty Group

---

1. 41 P.S. § 407(b) provides as follows:

(b) Any debtor who prevails in any action to remove, suspend or enforce a judgment by confession shall be entitled to recover reasonable attorney's fees and costs as determined by the court.

2. 41 P.S. § 503(a) provides as follows:

(a) If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action arising under this act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fees.

and Simon Glick, the parties named as plaintiffs in the original complaint in confession of judgment. As has been noted, P & G was *not* named as a party to that proceeding.

On September 3, 1992, Three Rivers Realty Group and Simon Glick appealed the order of August 5, 1992 to the Superior Court of Pennsylvania.

On November 4, 1992, P & G filed a document with the Commonwealth of Pennsylvania dissolving itself as a corporation. The document, which was executed by Simon Glick, asserted that P & G had transferred all of its assets and had ceased doing business as of December of 1991.

Simon Glick posted an appeal bond in January of 1993 in connection with the appeal pending before the Superior Court. The amount of the bond was $15,292.47, or 120% of the amount of the order entered on August 5, 1992. The bond specified that it would satisfy the obligation arising out of the order of August 5, 1992 should the order be affirmed or modified or the appeal be dismissed.

On January 23, 1993, the state court which had entered the award of counsel fees to Erenberg issued an order which granted plaintiffs' motion in that action:

> ... leave to amend to include proper parties plaintiff in lieu of Simon Glick who was not properly an individual plaintiff and not a general or limited partner ...

Shortly thereafter, P & G filed an amended complaint in confession of judgment. P & G was substituted as plaintiff for Three Rivers Realty Group and Simon Glick. The caption of the amended complaint reads as follows:

> P & G Realty Corporation, a corporation, trading as Manor Oak Associates, L.P., Plaintiff
>
> v.
>
> Richard Erenberg, an individual, and John Tunno, an individual, trading as TCN, a partnership, Defendants.

On March 5, 1993, while the appeal by Three Rivers Realty and Glick was still pending, P & G voluntarily dismissed the suit against Erenberg.

On April 23, 1993, petitioning creditor Erenberg brought the present involuntary chapter 7 petition pursuant to 11 U.S.C. § 303(b)(2). It is uncontroverted that P & G has no assets and that if Erenberg indeed is a creditor of P & G, he is its *only* creditor.

On May 17, 1993, P & G brought the present motion to dismiss or to abstain. P & G argues that the petition should be dismissed pursuant to FED.R.CIV.P. 12(b)(4) and/or (6) because service of process was improper and because petitioning creditor has failed to comply with the requirements of 11 U.S.C. § 303(b)(2). P & G also argues that dismissal or abstention pursuant to 11 U.S.C. § 305(a) is warranted. Finally, P & G urges the court to abstain pursuant to 28 U.S.C. § 1334(c)(1).

That same day—i.e., on May 17, 1993—, P & G submitted a motion for fees and sanctions pursuant to 11 U.S.C. § 305(i). P & G seeks to recover $3,348.75 in attorney's fees and miscellaneous costs as well as punitive damages in the amount of $12,743.72. Erenberg has responded to both motions and opposes the relief requested therein.

On June 23, 1993, Simon Glick submitted a sworn affidavit in support of P & G's motions. The averments contained therein have not been controverted by Erenberg.

An evidentiary hearing on P & G's motions was conducted on July 19, 1993. Although the parties were given the opportunity to present evidence in support of their positions, neither side called any witnesses. They elected instead to rely on various documents attached as exhibits to their pleadings.

On July 26, 1993, one (1) week after the above evidentiary hearing but before this court had ruled on P & G's pending motions, the Superior Court of Pennsylvania rendered a decision in which it reversed and vacated the order of August 5, 1992. *See Three Rivers Realty Group, Inc. and Simon Glick v. Richard Erenberg and John Tunno, t/a TCN,* —— Pa.Super. ——,

628 A.2d 444 (1993). Act 6 did not apply, the court held, because plaintiffs had not attempted to collect a judgment against residential real estate.

–II–

## ANALYSIS

### A) *Abstention.*

■ A bankruptcy court is not compelled to hear a case even when it has jurisdiction. The court may, in its discretion, abstain from hearing a matter pursuant to 28 U.S.C. § 1334(c)(1), which provides as follows:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding under title 11 or arising in or related to a case under title 11.

■ The court has considerable latitude in deciding whether to abstain. Several factors may be considered in making this determination. Among the potentially salient factors is the extent to which state law issues predominate over bankruptcy issues. *See Civic Center Cleaning Co. v. Reginella Corp.,* 140 B.R. 374, 375–76 (W.D.Pa.1992).

■ Abstention is warranted in this case because the sole significant issue presented—namely, whether Act 6 was correctly applied in awarding counsel fees to Erenberg—is an issue of state law. In fact, at the first appellate level in the state court system, the Superior Court determined the award to be inappropriate.

There appear to be no substantive bankruptcy issues raised by this case. It is uncontroverted that P & G has no assets; that it has no creditors other than the questionable claim of Erenberg; and that it ceased doing business at least eighteen (18) months before the involuntary petition was filed. No bankruptcy estate exists to be administered. Moreover, there is no reason to anticipate that any bankruptcy proceedings will occur to determine the status or priority of other claims (as there will be none) or that there will be any assets available for distribution in accordance with the Code.

Another factor to be considered in determining whether abstention is warranted is the burden on the court's docket. *Id.* It would be a manifest waste of the court's scarce resources to hear this case because no issues remain to be resolved. The only significant state law issue presented has been resolved by the state appellate court.

Erenberg is P & G's sole potential creditor. This debt, if it ever existed, arose entirely from the order of August 5, 1992 awarding counsel fees pursuant to 41 P.S. §§ 407(b) and 503(a). Absent these applications of state law, there is no basis upon which P & G owes a debt to Erenberg.

As has been indicated, Three Rivers Realty and Simon Glick, against whom the order of August 5, 1992 was entered, successfully appealed the order. The decision by the Superior Court to reverse and to vacate this order eradicated any debt P & G may have owed to Erenberg.

Erenberg argues that resolution of the appeal in favor of Three Rivers and Simon Glick has not eradicated the debt owed to him by P & G because P & G did not join in the appeal. This argument is specious.

Erenberg seeks to have his cake and eat it was well. On the one hand, he asserts that P & G owes a debt to him as a result of the order of August 5, 1992, even though it was not a party to that proceeding.[3] On the other hand, he asserts that the favorable decision of the Superior Court does not inure to P & G's benefit because it was not a party to the appeal.

Erenberg cannot have it both ways. If the order of substitution imposed a liability on P & G, then surely the order also enti-

---

3. Erenberg's insistence that the order of August 5, 1992 was entered against P & G as well as against Three Rivers Realty and Simon Glick is not supported by the record. P & G was not yet a party to the action when the order was entered and did not substitute itself as plaintiff until almost five (5) months later.

tled it to the status of indispensable party to the appeal. In fact, it would be the only party in interest before the Pennsylvania Superior Court. Without it as a participant, there is no case in controversy.

 Accordingly, the favorable resolution of the appeal by those who then were parties to the action should and will inure to the benefit of a party who later substituted itself as plaintiff—i.e., P & G.[4]

As the court has decided to abstain there is no reason to discuss the many and seemingly persuasive arguments of P & G that the elements necessary to an involuntary bankruptcy petition are not found herein.

### B) *Fees, Costs, And Punitive Damages.*

P & G also has brought a motion for attorney's fees and costs and for punitive damages. It alleges that it expended the sum of $3,348.75 in fees and costs in opposing the involuntary petition. P & G further alleges that the involuntary petition was brought in bad faith and asks that it be awarded punitive damages in the amount of $12,743.72, the amount of the award to Erenberg pursuant to the order of August 5, 1992.

P & G's motion is brought pursuant to 11 U.S.C. § 303(i), which provides in pertinent part as follows:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee ...

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

The plain language of § 303(i) provides that *dismissal* of an involuntary petition is a prerequisite to an award attorney's fees, costs, or damages. The involuntary petition in this case will *not* be dismissed. Instead, the court will abstain from hearing it.

Also, the plain language of § 303(i) provides that the court *may*—i.e., has discretion—to enter judgment for costs, attorney's fees, and damages.

P & G's motion for costs, attorney's fees, and punitive damages also will be denied in light of the situation prevailing at the time the involuntary petition was filed. Erenberg reasonably relied upon an order (or orders) entered by a court of record when he brought this involuntary petition against P & G. He believed, albeit incorrectly, that the state court record gave rise to a debt owed to him by P & G. It was not until some three (3) months later that the Superior Court ruled that the order had been improperly entered.

It would be unjust and inequitable to Erenberg to assess P & G's costs and attorney's fees and to award it punitive damages when there appeared to be a basis for bringing the involuntary petition. This court refuses, in its discretion, to grant P & G's motion now that hindsight shows that abstention is warranted.

An appropriate order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 11th day of August, 1993, in accordance with the accompanying Memorandum Opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that pursuant to 11 U.S.C. § 303(i), this court ABSTAINS from hearing the above-captioned case.

---

**4.** Erenberg's argument misconstrues the reason why P & G substituted itself as plaintiff several months after the order of August 5, 1992 had been entered. P & G substituted itself as plaintiff in order to dismiss the action in confession of judgment.