674 A.2d 293

**In re the C. Robert AUSTIN TRUST**

**PNC Bank National Association and Chester K. Reichert, Trustees (Two Cases).**

**Appeal of Charlotte S. AUSTIN.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1996.

Filed April 4, 1996.

Daniel J. Pastore, Erie, for appellant.

Mark A. Pacella, Assistant Attorney General, Pittsburgh, for Charitable Trusts & Organization Section Western Regional Office, participating party.

Before CIRILLO, President Judge Emeritus, and SAYLOR and EAKIN, JJ.

SAYLOR, Judge:

The fundamental issue in these consolidated appeals is whether the Court of Common Pleas of Erie County acted within its authority when, on August 1, 1995, it corrected its order of January 25, 1995, to conform to the opinion that had accompanied the earlier order. Finding that the court possessed the authority to act as it did, we affirm.

The matter before the court involved objections filed by Charlotte S. Austin ("Appellant") and by the Commonwealth of Pennsylvania ("the Commonwealth") to the First and Partial Account and the Audit Statement of the trustees of the C. Robert Austin Trust ("the Trust"). Appellant is the income beneficiary of the Trust, which had been established by her late husband, C. Robert Austin ("Settlor"). At issue here is Appellant's Objection No. 3, which the trial court addressed as follows in its opinion of January 25, 1995:

> Objection 3 of [Appellant]—itself contested by [the Commonwealth]—challenges the charging of trustee fees to income rather than dividing those fees between principal and income. . . . [Appellant] contends that the language of the trust document and its amendment which limits the compensation of the trustees to no more than ten percent "of the annual net income of the trust" should be viewed as a limitation on the amount and not as a specification regarding the source of the fees. We cannot agree.
>
> Had [Settlor] intended the meaning suggested, he could have specified the source of the payment or . . . could have utilized [specific language to that effect]. We view the language of the provisions executed by [Settlor] to be specific in mandating that the fees shall be paid from the net income and, at least as to fees incurred to date, that direction will be followed by the court.

After considering the question of prospective fees, the court concluded that they, too, "shall be charged to income absent an agreement by [Appellant], the remaindermen[,] and [the

Commonwealth] that an allocation of those fees between principal and income should occur."

Although the trial court effectively dismissed Appellant's Objection No. 3 in its opinion, the order accompanying the opinion stated in pertinent part as follows:

> January 25, 1995: For the reasons stated in the accompanying Opinion, the Objections of [Appellant] and [the Commonwealth] to the First and Partial Account filed August 10, 1994 and the Audit Statement filed September 12, 1994 are disposed of as follows:
>
> .    .    .    .    .
>
> Objection 3 is sustained....

Neither Appellant nor the Commonwealth took any action concerning the discrepancy between the opinion and the order. In fact, it appears from the record that the discrepancy went unnoticed, at least by Appellant. In a letter to the trustees' counsel dated February 17, 1995, counsel for Appellant observed that

> [s]ince the time for filing Exceptions has expired, and the trustees have not objected to my Affidavit of Fees ..., I think it is now time to have the trustees prepare a Second and Final Account.
>
> The only real issue remaining[,] then, is to determine the maximum trustee fee permitted. I have enclosed my Fee Limitation Analysis which was previously submitted to you and to the court. **Since the court has concluded that all trustee fees must be charged to income,** and that trustee fees must be deducted in determining net income, then based upon the enclosed analysis, trustee fees cannot exceed 9.0909% of the net income before trustee fees....

(Emphasis added.) [1]

In June of 1995, as the final Account was being audited, the trial court learned of the discrepancy. After informing coun-

---

1. Appellant contends that we cannot consider this letter because it does not appear in the certified record. Appellant is mistaken; a copy of the letter is attached as Exhibit B to a brief filed in the trial court by the

sel of its intention to enter a corrective order, the court scheduled argument on the matter. At argument, counsel for Appellant argued that the trial court lacked the authority to modify the earlier order with regard to Objection No. 3 and, in addition, that there was a conflict between the order of January 25, 1995 and the accompanying opinion as to Appellant's Objection No. 5, which concerned the appointment of Integra Trust Company as successor trustee.[2] On July 24, 1995, the trial court entered a decree nisi which read in pertinent part as follows:

1. [Appellant's] Objection No. 3 is dismissed.

2. [Appellant's] Objection No. 5 remains sustained regarding the appointment of Integra but that appointment and future trustee fees are limited by the conditions of the trust, our January 25, 1995 Opinion and Order and the present Opinion and Order.

Appellant filed exceptions to the decree nisi, as did the trustees. On August 1, 1995, the trial court entered an order denying Appellant's exceptions and making final the decree nisi. Appellant has filed an appeal from this order at No. 1654 Pittsburgh 1995. On September 13, 1995, the trial court entered an order dismissing the trustees' exceptions and, again, stating that the decree nisi of July 24, 1995 was made final. Appellant has filed an appeal from this order at No. 1768 Pittsburgh 1995. The appeals have been consolidated,

Commonwealth on July 10, 1995, which brief is included in the certified record.

2. In her Objection No. 5, Appellant had argued that if the trial court accepted the resignations of the existing individual and corporate trustees, the court then needed to appoint only a corporate trustee, for which position Appellant nominated Integra Bank. As the trial court explained in its opinion of July 24, 1995,

Attached to [Appellant's] objections was a fee schedule from Integra proposing future trustee fees in excess of the 10% limitation and providing for an equal allocation of those fees between principal and income.

In the order of January 25th, this objection was sustained.... [Appellant] now asserts that the Court and the beneficiaries are bound by the fee schedule proposed by Integra because the Order sustained that objection without disallowing the proposed fee schedule.... [W]e cannot agree with this contention.

and the parties have briefed and argued them as if they were a single appeal.

Appellant argues that where there is an inconsistency between an order and an accompanying opinion, it is the order which controls. According to Appellant, because the order of January 25, 1995 sustained her Objection No. 3, she had no reason to challenge the order. The Commonwealth did have such a reason, Appellant asserts, but waived any challenge by failing to request reconsideration of the order within 30 days. Therefore, Appellant argues, under 42 Pa.C.S.A. § 5505, the trial court lacked the authority to modify its original order more than 30 days after entry of the order. Section 5505 reads as follows:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

While acknowledging that the courts have created an "extraordinary cause" exception to the general rule, Appellant contends that no such extraordinary cause has been shown to exist in the present case. Alternatively, Appellant argues that even if the trial court possessed the authority to modify its order of January 25, 1995, it erred in doing so because Appellant's Objection No. 3 should in fact have been sustained.

First, we consider Appellant's claim that the responsibility for challenging the order of January 25, 1995, lay with the Commonwealth as the aggrieved party. As made clear by Appellant's counsel's letter of February 17, 1995, quoted *supra*, Appellant understood that the trial court had ruled against her with regard to the source of the trustee fees: "[T]he court has concluded that all trustee fees must be charged to income[.]" It was therefore Appellant, not the Commonwealth, who was aggrieved by the trial court's ruling. Appellant's assertion to the contrary—that the order controls the opinion, and "[a]ccordingly, since the [trial] court's January 25, 1995 order unambiguously sustained [her] objections, she was not aggrieved"—is specious. Appellant will not be

heard to argue that the Commonwealth's reading of the opinion and order of January 25, 1995 should have been more careful than her own.[3]

■ Turning to Appellant's claim that the trial court lacked the authority to clarify its earlier order when it did, we find that the claim is meritless. The 30–day limitation of section 5505, upon which Appellant relies, applies only to final, appealable orders. *Key Automotive Equipment Specialists, Inc. v. Abernethy,* 431 Pa.Super. 358, 636 A.2d 1126 (1994); *Commonwealth v. Nicodemus,* 431 Pa.Super. 342, 636 A.2d 1118 (1993); *Hutchison by Hutchison v. Luddy,* 417 Pa.Super. 93, 611 A.2d 1280 (1992), *appeal granted,* 533 Pa. 660, 625 A.2d 1193 (1993), *appeal dismissed,* 538 Pa. 484, 649 A.2d 435 (1994); *Daywalt v. Montgomery Hospital,* 393 Pa.Super. 118, 573 A.2d 1116 (1990). Thus, despite the passage of more than 30 days, trial courts have been permitted to reconsider an order denying preliminary objections, *Key, supra;* an order granting pre-trial motions to dismiss criminal charges, where the Commonwealth had never been given notice of the motions, *Nicodemus, supra;* a pre-trial order directing that the record remain sealed until further order of court or until the commencement of trial, *Hutchison, supra;* and an order denying a motion for summary judgment, *Daywalt, supra.*

■ Generally a final order is one which ends the litigation or disposes of the entire case. *Nicodemus, supra. See also,* Pa.R.A.P. 341(b)(1) (final order disposes of all claims or of all parties). The trial court's order of January 25, 1995, did not do this. To the contrary, the order itself, by directing the trustees to "file a Second and Final Account and Audit Statement pursuant to the provisions of this Order and accompanying Opinion[,]" makes clear that the litigation has not been concluded. As the trial court noted in the opinion accompanying its order of July 24, 1995,

the trustee's account is still on audit and no decree of distribution has been issued. None of the parties have

3. For the same reason, we decline to address Appellant's claim that even if the trial court possessed the authority on August 1, 1995 to correct its earlier order, it erred in doing so.

changed their position in reliance on the Court's mis-stated Order; no distribution of the estate has been made; the new trustee has not assumed its duties; and no party would be prejudiced by the correction of the Order at this stage.

Therefore, because the order of January 25, 1995, was not final, the trial court retained the authority to correct it.

Moreover, a court possesses "the inherent power ... to correct obvious and patent mistakes in its orders, judgments, and decrees." *Commonwealth v. Cole,* 437 Pa. 288, 293, 263 A.2d 339, 341 (1970). In *Cole,* the trial court entered an order on March 3, 1969, which stated that "defendant's motion for a new trial and arrest of judgment is granted." *Id.,* 437 Pa. at 290, 263 A.2d at 340. On June 18, 1969, three and one-half months later, the court modified the order so that it read "defendant's motion for new trial is granted; motion in arrest of judgment is dismissed." *Id.* The Superior Court, reasoning as follows, held that it was within the trial court's power to do so.

> In the instant case, the order of March 3 was patently erroneous. The grant of a new trial *and* the grant of the motion in arrest of judgment were so clearly antagonistic that even the most casual reading of the order would disclose the irreconcilable nature thereof. To grant a new trial *and* a motion in arrest of judgment simultaneously was contrary to common sense.... What the court did was simply to correct, by its order of June 18, a mistake which was plain on the face of the order and make the order of March 3 speak the truth.

*Id.,* 437 Pa. at 292, 263 A.2d at 341 (emphasis in original).

Appellant attempts to distinguish *Cole* by noting that in that case there was an inconsistency within the order itself, whereas in the present case there was an inconsistency between the order and the opinion that accompanied it. Given the facts of the present case, however, such a distinction is meaningless. As noted earlier, the order of January 25, 1995 read in pertinent part as follows: "For the reasons stated in the accompanying Opinion, ... Objection 3 is sustained...."

Thus, the order specifically incorporated by reference the reasons contained in the accompanying opinion. The court's ruling on Objection No. 3 and the reasons for that ruling were, as the Supreme Court said of the post-verdict ruling in *Cole,* "so clearly antagonistic that even the most casual reading of the order would disclose the irreconcilable nature thereof." Accordingly, the trial court properly corrected the order.

Appellant contends that the decision of the Commonwealth Court in *Municipal Council of the Municipality of Monroeville v. Kluko,* 102 Pa.Commw. 49, 517 A.2d 223 (1986), holds otherwise. The issue in *Kluko* was

> whether a trial court which has entered an order which specifically directs a party to pay its own counsel fees and costs, may, after the appeal period has expired, enter a new order pursuant to a new petition which order directs the opposing party to pay the counsel fees and costs.

*Id.,* 102 Pa.Commw. at 52, 517 A.2d at 224. The Commonwealth Court held that 42 Pa.C.S.A. § 5505 barred the trial court from doing so, regardless of whether, as the appellees maintained, the portion of the first order which concerned counsel fees had been entered by mistake.

In the present case, the trial court did not reverse its initial order. Rather, the trial court corrected an error which, given the reference in the order to the reasons stated in the accompanying opinion, was apparent on the face of the order. Therefore, even if a decision of the Commonwealth Court were binding upon this Court, which it is not, *Kluko* would not require a different result. In sum, we conclude that the trial court possessed the authority to enter its order of August 1, 1995, correcting its order of January 25, 1995.

Order affirmed.