688 A.2d 201

**COMMONWEALTH of Pennsylvania**

v.

**Sjonna WESLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1996.

Filed Jan. 7, 1997.

344

Michael J. Malloy, Assistant Public Defender, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newton Square, for the Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and DEL SOLE and OLSZEWSKI, JJ.

CIRILLO, President Judge Emeritus:

Sjonna Wesley appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County. We affirm.

On December 5, 1994, appellant Wesley was sentenced to a term of imprisonment of eight to twenty-three months for aggravated assault, and three years probation for possession of an instrument of crime and criminal conspiracy. Wesley was permitted to serve her term of imprisonment on weekends and to be furloughed during the week, with an additional 200 hours of community service. The certificate of imposition of judgment of sentence entered by the clerk, and signed by the trial judge, reflected this sentence in most respects; however,

the weekend imprisonment term was listed as 60 consecutive weekends, which is the equivalent of 120 days or 4 months imprisonment.

On January 6, 1995, thirty-one days after entry of the original sentencing order, the trial court, acting *sua sponte*, amended the certificate of imposition of judgment of sentence, changing the weekend imprisonment term from 60 consecutive weekends to 120 consecutive weekends, which is the equivalent of 240 days or 8 months imprisonment. Appellant Wesley petitioned for a Writ of Habeas Corpus on December 1, 1995, averring that the January 6, 1995 sentencing order was unlawful and requested that the December 5, 1994 sentencing order be reinstated. On December 14, 1995, the trial court granted this request and the December 5, 1994 sentencing order was reinstated.

Shortly thereafter, the Commonwealth filed a "Motion for Reconsideration of Early Parole." On February 12, 1996, the trial court, per the Honorable Harry J. Bradley, granted the Commonwealth's motion and entered the following order:

AND NOW, to wit, this 12th day of February, 1996, upon consideration of the Commonwealth's motion to reconsider early parole and defendant's response thereto, and after oral argument thereon, it is hereby **ORDERED** and **DECREED** that the motion is **GRANTED**; it is further **ORDERED** and **DECREED** that this court's order dated December 14, 1995 granting early parole is **VACATED** and the order dated January 6, 1995 is reinstated. Although the resentence imposed on January 6, 1995 was imposed more than thirty (30) days from the date of the original sentence, December 5, 1994, the resentence merely corrected an obvious, clerical error in calculating the number of weekends to be served. It did not increase the total aggregate sentence imposed on December 4, 1994....

Wesley appealed, and now raises the following two issues for our consideration:

(1) Did the court err in resentencing the defendant on January 6, 1995?

(2) Did the court err in granting the Commonwealth's motion for reconsideration of early parole on February 16, 1996, and reinstating its order of January 6, 1995?

Section 5505 of the Judicial Code provides the means by which a court may *sua sponte* modify or rescind a prior order. *See* 42 Pa.C.S.A. § 5505. Section 5505 provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

■ As a general rule, a court is without power to modify or rescind an order after this thirty-day statutory limitation has expired. 42 Pa.C.S.A. § 5505; *Commonwealth v. Quinlan,* 433 Pa.Super. 111, 639 A.2d 1235 (1994), *appeal granted,* 540 Pa. 648, 659 A.2d 986 (1995)(citing *Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985)). This general rule, however, must be considered along with the inherent powers of a court "to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record. . . ." *Quinlan,* 433 Pa.Super. at 118, 639 A.2d at 1239 (citing *Commonwealth v. Fiore,* 341 Pa.Super. 305, 491 A.2d 276 (1985)). In that regard, where a mistake is obvious and patent, the inherent power of the court to correct it is not eliminated even though the thirty-day appeal period has passed. *See Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970) (affirming trial court order entered three and one-half months after entry of original order, where trial court's original order granting defendant's motion for a new trial and arrest of judgment was viewed as patently erroneous); *See also In re Austin Trust,* 449 Pa.Super. 467, 674 A.2d 293 (1996) (affirming trial court order issued more than thirty days after original order, where original order erroneously sustained objection to payment of trustee fees solely from trust income).

In this case, Wesley asserts that the trial court erred when it entered the sentencing order dated January 6, 1995, which altered the original sentencing order entered thirty-one days earlier on December 5, 1994. In support of this position, Wesley relies heavily on the case of *Commonwealth v. Quinlan, supra.*

In *Quinlan,* this court was faced with an appeal from a judgment of sentence which was entered over two and one-half years after the original sentence, in order to correct a "clerical error." *Quinlan, supra.* The clerical error was an omission from the original written sentencing order of a five-year probation period which was a part of the oral sentence handed down by the trial judge. *Quinlan,* 433 Pa.Super. at 114–15, 639 A.2d at 1237. In reversing the trial court's belated resentencing order, the majority of the *Quinlan* court reiterated the general rule of this Commonwealth that "[o]ral statements made by the judge in passing sentence, but not incorporated in the written sentence signed by [the sentencing judge], are not part of the judgment of sentence." *Quinlan,* 433 Pa.Super. at 119, 639 A.2d at 1239 (quoting *Commonwealth v. Foster,* 229 Pa.Super. 269, 324 A.2d 538 (1974) (citations omitted)). The power of the trial court to correct these "clerical errors" is bounded by the considerations of timeliness on the part of both the aggrieved party and the court. *Quinlan,* 433 Pa.Super. at 118–20, 639 A.2d at 1239 (citing 42 Pa.C.S.A. § 5505; Pa.R.Crim.P. 1410, 42 Pa.C.S.A.; *Commonwealth v. Kubiac,* 379 Pa.Super. 402, 421–22, 550 A.2d 219, 229 (1988), *appeal denied,* 522 Pa. 611, 563 A.2d 496 (1989)).

Comparing *Quinlan* to the case at hand, it is readily apparent that the facts of the instant case present a different situation and compel a different outcome. Initially we note that we are not faced with the type of delay which faced the *Quinlan* court. As the *Quinlan* court pointed out, "[t]he presumption that the written order is what the sentencing judge intended increases with the length of time that the written sentencing order goes unchallenged." *Quinlan,* 433 Pa.Super. at 121, 639 A.2d at 1240 (citing *Commonwealth v.*

*Thomas,* 219 Pa.Super. 22, 280 A.2d 651 (1971)). Instantly, the trial judge's modification of the original sentencing order was made only thirty-one days after the date of the original order. While this does fall one-day outside of the thirty-day limitation period, *see* 42 Pa.C.S.A. § 5505, we cannot say any presumption exists that the original order is what the sentencing judge intended. More importantly, however, we are not faced with a mere "clerical error" in transcribing the oral sentence handed down onto the original sentencing order. Rather, this case involves an obvious and patent error on the face of the order. Examining the original order, it would be impossible for Wesley to serve a minimum eight-month prison sentence in only sixty weekends, which is the equivalent of 120 days or four months imprisonment. As previously pointed out, the inherent power of a court to correct this type of obvious and patent error is not eliminated by the expiration of the thirty-day appeal period. *Cole, supra; In re Austin Trust, supra.* Accordingly, we affirm the court's January 6, 1995 judgment of sentence, which corrected an error to reflect a sentence of 120 weekends imprisonment, the equivalent of 240 days or the eight-month minimum sentence imposed on the face of the original order.

Wesley's second argument concerns the order dated February 12, 1996. This order followed the Commonwealth's motion to reconsider early parole and vacated the court's order dated December 14, 1995, which had reinstated the incorrect original sentencing order. Wesley contends that this order was improper, since the Commonwealth's motion to reconsider was based on "early parole" when early parole was never requested or granted, and because the motion to reconsider was untimely. After a review of the record, we find that both of these claims lack merit.

The Commonwealth apparently mislabeled its motion to reconsider; arguably, it should have been entitled "motion to reconsider the writ of habeas corpus." This court, however, will not reverse the trial court's order based on a trivial defect which in no way affects the substantial rights of the defendant. *See* Pa.R.C.P. 126, 42 Pa.C.S.A.; *see also*

*Cohen v. Jenkintown Cab Co.,* 300 Pa.Super. 528, 538 n. 8, 446 A.2d 1284, 1289 n. 8 (1982) (recognizing that specific terms of a petition control over the use of erroneous nomenclature in the caption). Moreover, the record indicates that a rule to show cause why the Commonwealth's motion to reconsider should not be granted was issued on December 18, 1995, only four days after the December 14, 1995 order. This clearly reveals that the Commonwealth's motion to reconsider was within the ten-day procedural limitation for filing of a motion to reconsider. Pa.R.Crim.P. 1410, 42 Pa.C.S.A.

Accordingly, we affirm the court's judgment of sentence dated February 12, 1996, which reinstated the proper sentence in this matter. To hold otherwise would create an injustice and grant a windfall to a defendant who sought to gain from a clerical error in the original sentencing order. *See Commonwealth v. Kubiac,* 379 Pa.Super. 402, 424–26, 550 A.2d 219, 231 (1988), *appeal denied* 522 Pa. 611, 563 A.2d 496 (1989).

Judgment of Sentence affirmed.

DEL SOLE, J. concurs in the result.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring:

While I wholeheartedly agree with the insightful analysis of my brethren, I feel it necessary to write separately nonetheless in an effort to clarify the murky caselaw that 42 Pa.C.S.A. § 5505 has generated.

Essentially, the wording of § 5505 has created a situation in which patent sentencing errors may be corrected out of time, while latent errors are subject to strict timeliness considerations. This dichotomy has created situations in which the obvious intent of the sentencing judge has been frustrated and criminal defendants have been the beneficiaries of a system in which mountains of paperwork and crowded dockets sometimes lead to inadvertent errors. *See, e.g., Commonwealth v. Quinlan,* 433 Pa.Super. 111, 639 A.2d 1235 (1994); *Commonwealth v. Kubiac,* 379 Pa.Super. 402, 550 A.2d 219 (1988).

While this result may be unintended and even absurd, it is solely the province of the legislature to amend the statute to prevent such windfalls.

Because the instant case presents a situation in which the error was obvious on the face of the document, I agree with my learned colleagues that the trial judge retained the jurisdiction to modify the sentencing order and thus effectuate the court's original intent.[1]

1. The record reveals that the December 5, 1994, order provided for a period of eight to twenty-three months imprisonment to be served on sixty consecutive weekends. This is a mathematical impossibility, thus creating a patent error.