**Gene LOMAZOFF,**

v.

**Gilbert A. WALTERS et al.**

**No. CIV. A. 99–3091.**

United States District Court,
E.D. Pennsylvania.

Sept. 23, 1999.

Gene Lomazoff, Mercer, PA, pro se.

Donna G. Zucker, Chief Federal Litigation, District Atty's Office, Philadelphia, PA, for Defendants.

### MEMORANDUM

DALZELL, District Judge.

This petition for a writ of habeas corpus involves something of a tortuous path for this state prisoner.

On June 8, 1995, following a trial before the Honorable Gary S. Glazer of the Court of Common Pleas of Philadelphia County, a jury convicted petitioner Gene Lomazoff of three counts of robbery, three counts of official oppression, two counts of obstructing justice, one count of theft by unlawful taking, and one count of bribery. The

convictions stemmed from three incidents in which Lomazoff, then a Philadelphia Police sergeant, stopped vehicles for supposed motor vehicle violations, and then either robbed the driver or passenger, or extorted money from the victims.

On September 14, 1995, Judge Glazer sentenced Lomazoff to an aggregate term of eighty-four to two hundred and sixty-four months' imprisonment. Lomazoff appealed his conviction, and the Superior Court affirmed the judgment of sentence on November 12, 1996. Lomazoff did not seek further appeal of his conviction to the Pennsylvania Supreme Court.

On August 1, 1997, Lomazoff sent a letter [1] to Judge Glazer requesting a hearing to modify or reduce his sentence, and he claims that this letter was not answered. On April 6, 1999, Lomazoff also alleges that he mailed a "Petition ... for a State Writ of Habeas Corpus" to the "Clerk of Courts" [sic] for the Philadelphia County Court of Common Pleas, asserting that: (1) his sentence was illegal, (2) the trial judge wrongfully failed to provide justification for making petitioner's various sentences consecutive rather than concurrent, (3) he never had an opportunity personally to review his presentence report, and the trial court never inquired if he had such opportunity, and (4) the trial court wrongly sentenced him for both theft and a "felony three" stemming from the same transaction. Lomazoff further contends that there was no response to this April 6, 1999 petition.

On April 30, 1999, Lomazoff claims that he mailed a second "Petition ... for a State Writ of Habeas Corpus" to the "Clerk of Courts" [sic] for the Philadelphia County Court of Common Pleas, making largely the same allegations as in the April 6, 1999 petition, and this mailing also included applications for appointment of counsel and *in forma pauperis* proceed-

---

1. Lomazoff filed *pro se* this letter and all successive letters and pleadings discussed be-  low.

ings. In May 5, 1999, Lomazoff sent an "interlocutory motion for re-sentencing hearing" to the Clerk of Quarter Sessions at the Criminal Justice Center in Philadelphia, and on May 12, 1999 Judge Glazer responded to Lomazoff by letter informing him that because thirty days had passed since sentencing and because the case had been affirmed on appeal that he (Judge Glazer) had no legal authority to grant or deny the motion.

On or after May 18, 1999, Lomazoff filed the instant petition for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania. This petition was subsequently transferred, pursuant to 28 U.S.C. § 2241, to this Court, where it was docketed on June 18, 1999.

Lomazoff's petition in this Court seeks relief on five grounds: (1) ineffective assistance of trial and appellate counsel for a variety of errors; (2) failure of the prosecution to provide complete discovery; (3) prosecutorial misconduct; (4) the trial court abused its discretion in departing upward from the sentencing guidelines and in imposing consecutive sentences; and (5) the trial court committed reversible error in refusing a request for an instruction on the impact of *crimen falsi* convictions on the assessment of credibility of witnesses.[2] Respondents (the "Commonwealth") have countered by suggesting that there is a June 2, 1999 computer record that suggests that Lomazoff filed a state application for a writ of habeas corpus. In any event, on June 25, 1999, Lomazoff filed a state petition for relief under Pennsylva-

nia's Post–Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541–9546. That PCRA claim was still pending in the Court of Common Pleas as of August 10, 1999, the date of the Commonwealth's response, and counsel has apparently been appointed[3] in the PCRA proceeding.

On August 27, 1999, Magistrate Judge Angell filed a Report and Recommendation concluding that Lomazoff's claims should be denied as time-barred, and he thereafter sent to us his objections to Judge Angell's Report and Recommendation.[4]

■ Lomazoff appears[5] to make three objections to Judge Angell's opinion. He first contends that his post-conviction motions, including the August 1, 1997 letter to Judge Glazer and the April 6, 1999 petition for a "state writ of habeas corpus," should be construed as timely. He then asserts that time bars do not apply to sentencing errors, which can always be corrected under the inherent power of the court to modify sentences. Lastly, he argues that errors in sentencing constitute "un-waivable" issues that petitioners may raise in any proceeding.

*Legal Analysis*

The power of federal courts to provide relief to state prisoners is statutorily circumscribed. Relief can only be provided to those confined "in violation of the Constitution or laws of the United States," 28 U.S.C. § 2254 (1994), and federal courts may only consider those petitions that are timely under the requirements of 28 U.S.C. § 2244 (1994), as amended by the

---

**2.** Lomazoff also communicated with this Court by letters dated July 12, August 14, August 16, and August 27, 1999 in which he principally elaborated on his claims, particularly with respect to his allegedly illegal sentence. The August 16 letter is formatted as a reply brief to the respondents' response to the habeas petition, but there is no evidence that this reply was provided to respondents and it was not filed with the Clerk.

**3.** As of September 2, 1999, the date of his objections to Judge Angell's Report and Recommendation, Lomazoff reports that he has

not been informed of such appointment of counsel, which the Commonwealth reported in its August 10, 1999 response.

**4.** We review objected-to portions of a magistrate judge's report and recommendation *de novo*.

**5.** "[A] *pro se* prisoner's pleadings should be ... construed liberally." *Lewis v. Attorney Gen. of the United States*, 878 F.2d 714, 722 (3d Cir.1989).

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

■ As detailed in Judge Angell's Report, 28 U.S.C. § 2244(d) now provides a one-year statute of limitations for habeas corpus claims that here may have run from the latest of four events. As Judge Angell concluded, it does not matter whether we start the one-year clock at December 12, 1996, the last day upon which Lomazoff could have sought allowance of appeal to the Pennsylvania Supreme Court following the Superior Court's affirmance of this conviction, in accordance with 28 U.S.C. § 2244(d)(1)(A), or instead at August 1, 1997, the date of Lomazoff's first letter to Judge Glazer and the date at which Lomazoff claims to have first become aware of the illegality of his sentence, in accordance with 28 U.S.C. § 2244(d)(1)(D), since in both instances the clock-starting date is more than one year before the June 18, 1999 filing of the federal petition. The petition must therefore be regarded as time-barred.

28 U.S.C. § 2244(d)(2) mandates that the one-year limitation on federal habeas corpus claims should be tolled during such time as a "properly filed application for State post-conviction or other collateral review" is pending. Although Lomazoff has filed a number of different state petitions, we need only consider the tolling power, if any, of the August 1, 1997 letter to Judge Glazer, because even if we were to construe the clock-starting date in a manner most favorable to Lomazoff and consider it to be, as discussed above, August 1, 1997, the one-year time limitation would have expired prior to petitioner's next submission, which was in April, 1999. That is, even construed most favorably to Lomazoff, no petition filed after August 1, 1998 could have had tolling effect since the one-year limitation would in any event have already expired.

6. Also, to the extent that such inherent power exists, it does not appear to obtain where, as here, a sentence is affirmed on appeal, *see, e.g., Commonwealth v. Young,* 695 A.2d 414,

■ In order to be considered "properly filed" under 28 U.S.C. § 2244(d)(2), a petition must be "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing," *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). As Judge Angell noted, the letter of August 1, 1997 from Lomazoff to Judge Glazer did not constitute such a "properly filed application," because a post-sentencing motion must be filed within ten days of sentencing, in accordance with Pa.R.Crim.P. 1410(A), and therefore Lomazoff's claim that his post-sentence filings were timely does not withstand scrutiny.

■ Lomazoff stresses that Pennsylvania courts retain an "inherent power" to modify sentences, even after the thirty day statutory limitation for such modification, *see* 42 Pa.C.S.A. § 5505 (1998), has expired. To the extent that such inherent power exists, however, Lomazoff has made no showing of how this power of state courts affects the time-barred nature of his federal habeas corpus claim. He also does not show that a state court's refusal to exercise such inherent power would amount to a violation of the United States Constitution, and therefore his claim regarding the assumed inherent power of Pennsylvania courts to modify sentences will be denied.[6]

■ Lomazoff's last argument is that a claim that a sentence is illegal is an "unwaivable" one that may be raised by a petitioner at any point. Although it is true that in Pennsylvania illegal sentences indeed "can never be waived" and "may be reviewed *sua sponte*" by an appellate court, *Commonwealth v. Archer,* 722 A.2d 203, 209 (Pa.Super.1998), this state law mandate does not override the time limitations contained in 28 U.S.C. § 2244(d) that bar *this* Court's review. Lomazoff's claim

420 (Pa.Super.1997); *Commonwealth v. Wesley,* 455 Pa.Super. 343, 688 A.2d 201, 203 (1997).

regarding the un-waivable nature of his illegal sentence allegation is thus in the end unpersuasive.

*Conclusion*

While this Court is not unmindful of the difficulties *pro se* prisoners, such as Lomazoff, face in filing complete and timely habeas corpus petitions,[7] we are not free to relieve petitioners from their unquestioned burdens under this daunting jurisprudence. We must therefore deny Lomazoff's petition.

*ORDER*

AND NOW, this 23rd day of September, 1997, upon careful and independant consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of the United States Magistrate Judge M. Faith Angell, and consideration of petitioner's objections to the Report and Recommendation, and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

1. Petitioner's objections are OVER-RULED;

2. The Report and Recommendation of Judge M. Faith Angell is APPROVED and ADOPTED;

3. The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED;

7. These difficulties are by no means confined to those not trained in the law. As Professor Amsterdam put it in his forward to a leading treatise,
> The road to federal habeas corpus relief for state prisoners was already an obstacle course in 1988.... Today the road has become a narrower, more tortuous track among concealed stake-pits and anti-personnel mines calculated to daze cartographers and daunt a modern Gilgamesh.
> The Rehnquist Court has continued to booby-trap the trail with obvious blockades flanked by apparent detours that lead only into ambushes.

Anthony G. Amsterdam, Foreword to James L. Liebman & Randy Hertz, *Federal Habeas*

4. The petitioner having failed to make a substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability, see 28 U.S.C. § 2253(c);

and

5. The Clerk shall CLOSE this case statistically.

*Corpus Practice and Procedure* (2d ed.1994) at v.

It is worth noting that Professor Amsterdam made these remarks two years before the AEDPA, a statute that no commentator, to our knowledge, has described as clarifying the federal habeas landscape. As Justice Souter recently phrased the view of at least five members of the Supreme Court about the AEDPA,
> All we can say is that in a world of silk purses and pigs' ears, the Act is not a silk purse of the art of statutory drafting.

*Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).