J-S57008-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFERY T. MORALES, | : | |
| | : | |
| Appellant | : | No. 2823 EDA 2013 |

Appeal from the Judgment of Sentence August 12, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0010305-2012

BEFORE: DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED OCTOBER 10, 2014**

Jeffrey T. Morales ("Morales") appeals from the judgment of sentence entered on August 12, 2013 by the Court of Common Pleas of Philadelphia County, Criminal Division, following his convictions for the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance,[1] possessing a controlled or counterfeit substance,[2] and the use of, or possession with intent to use, drug paraphernalia.[3] We affirm.

The trial court summarized the facts in this case as follows:

> On July 24, 2012, between 2:00 p.m. and 6:00 p.m., Philadelphia Police Officer Thomas Rola met with a confidential informant ('CI'), gave him $70 prerecorded buy money[,] and directed him to go to

---

[1]  35 P.S. § 780-113(a)(30).

[2]  35 P.S. § 780-113(a)(16).

[3]  35 P.S. § 780-113(a)(32).

the 3000 block of Arbor Street in Philadelphia. Officer Rola observed the CI engage [Morales] in a conversation just outside of an open garage at 3033 Arbor Street. [Morales] pointed to the open garage, where he and the CI began to walk. While walking to the garage, the CI handed [Morales] the $70 of prerecorded buy money. The CI entered 3033 Arbor Street while [Morales] entered 3035 Arbor Street. [Morales] then exited 3035 Arbor Street and entered 3033 Arbor Street. A very short time later, both the CI and [Morales exited] 3033 Arbor Street. Thereafter, the CI returned to Officer Rola and handed him seven packets of heroin stamped 'Boogeyman' that he had received from [Morales].

On August 8, 2012, at approximately 2:30 p.m.[,] Officer Rola and Officer Parrotti returned to the 3000 block of Arbor Street in Philadelphia. Officer Rola set up a surveillance at the same location as the surveillance on July 24, 2012. At that time, Officer Parrotti approached the 3000 block of Arbor Street and was met at 3033 Arbor Street by a Hispanic male, wearing a white [t]-[s]hirt, in front of 3033 Arbor Street. A similar series of events occurred[] where heroin with the same stamp was sold, however[,] the male that the CI interacted with that day was not [Morales], as he was in Puerto Rico on that date.

On August 10, 2012, at approximately 9:35 a.m. Officer Rola executed search and seizure warrants for 3033, 3035[,] and 3036 Arbor Street. At approximately 9:40 a.m.[,] Officer Rola secured the property at 3035 Arbor Street. Immediately thereafter, Officer Rola went to the residence across from the garage on 3035 Arbor Street and entered the property at 3036 Arbor Street. At that time, Officer Rola entered the property, went up the steps and observed [Morales] standing in the rear bedroom, throwing a brown Timberland boot out of the rear window into a yard that was occupied by a pit bull. The boot was recovered and inside was $6,035. Officer Rola arrested [Morales] and

> recovered from the rear bedroom three packets of heroin stamped 'Boogeyman' bundled with a black rubber band which matched the buys from July 24, 2012 and August 8, 2012, $4,984, and one clear baggie with red apple logos which contained numerous new and unused clear packets.

Trial Court Opinion, 1/16/14, at 2-3 (record citations omitted).

On May 13, 2013, following trial, the trial court found Morales guilty of the above-referenced crimes. On July 19, 2013, prior to sentencing, Morales filed a document titled motion for relief pursuant to [Pa.R.Crim.P.] 720 in which he sought a new trial based on newly discovered evidence. Motion for Relief Pursuant to [Pa.R.Crim.P.] 720, 7/19/13, at 2-3. On August 12, 2013, the trial court denied that motion during the sentencing hearing and then sentenced Morales to 15 to 30 months of incarceration followed by two years of probation. On August 21, 2013, Morales filed a motion for reconsideration of sentence. On September 16, 2013, the trial court denied his motion for reconsideration of sentence. On October 4, 2013, Morales filed a timely notice of appeal. On October 28, 2013, the trial court ordered Morales to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On November 6, 2013, Morales timely filed his Rule 1925(b) statement.

On appeal, Morales raises the following three issues for our review:

> [1.] DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION BY DENYING [MORALES]'S POST-SENTENCE MOTION ALLEGING THAT THE VERDICTS WERE AGAINST THE WEIGHT OF THE EVIDENCE

BECAUSE THE TESTIMONY WAS REPLETE WITH INCONSISTENCIES AND CONTRADICTIONS SUCH THAT THE VERDICTS [SHOCK] THE CONSCIENCE?

[2.] DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION BY FAILING TO CONSIDER [MORALES]'S REHABILITATIVE NEEDS AND FAMILY CIRCUMSTANCES AND RESPONSIBILITIES?

[3.] DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION BY DENYING [MORALES]'S PRE-SENTENCE MOTION SEEKING A NEW TRIAL BASED ON AFTER-DISCOVERED EVIDENCE.

Morales's Brief at 3.

For his first issue on appeal, Morales argues that the jury's verdict was against the weight of the evidence. Morales's Brief at 11-14. Our standard of review when presented with a weight of the evidence claim is different from that applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 758 (Pa. Super. 2014).

Therefore, "an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the

- 4 -

weight of the evidence." **Commonwealth v. Houser**, 18 A.3d 1128, 1135-36 (Pa. 2011). Importantly, "a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice." **Id.**

We conclude that Morales has waived his weight of the evidence claim. Pennsylvania Rule of Criminal Procedure 607(a) states:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;
>>
>> (2) by written motion at any time before sentencing; or
>>
>> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(a). Our Court has repeatedly held that the "[f]ailure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim." **Commonwealth v. Bryant**, 57 A.3d 191, 196 (Pa. Super. 2012) (citing **Commonwealth v. Bond**, 985 A.2d 810, 820 (Pa. 2009)). Furthermore, our Supreme Court has explained,

> Appellant's failure to challenge the weight of the evidence before the trial court deprived that court of an opportunity to exercise discretion on the question of whether to grant a new trial. Because 'appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the

- 5 -

evidence,' ***Commonwealth v. Widmer***, [] 744 A.2d 745, 753 ([Pa.] 2000), this Court has nothing to review on appeal.

***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).

Additionally, "[f]ailure to properly preserve the [weight] claim will result in waiver, even if the trial court addresses the issue in its opinion. ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013). Our Court explained:

> Appellant is mistaken in his belief that the trial court's addressing of the merits of his weight claim in its Rule 1925(a) opinion permits us to review the claim. '[A]ppellate review [of a weight claim] is limited to whether the trial court palpably abused its discretion...." ***Commonwealth v. Champney***, [] 832 A.2d 403, 408 ([Pa.] 2003). Here, the trial court never 'ruled' on the issue and, therefore, it could not grant nor deny the claim at the time it was first raised by Appellant in his concise statement. Although the court addressed the issue's merits in its Rule 1925(a) opinion, the trial court was, by that time, divested of jurisdiction to take further action in the case. ***See*** Pa.R.A.P. 1701(a) ('Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.'). Thus, the trial court was never given the opportunity to provide Appellant with relief and, consequently, there is no discretionary act that this Court could review. Appellant's weight of the evidence claim is waived.

***Commonwealth v. Thompson***, 93 A.3d 478, 490-91 (Pa. Super. 2014).

Therefore, because the certified record reflects that Morales failed to raise his weight of the evidence claim prior to sentencing or in a post-sentence

motion, we find that he has waived his weight of the evidence claim on appeal, even though the trial court addressed the merits of his claim.

For his second issue on appeal, Morales raises a discretionary aspects of sentence claim. Morales's Brief at 15-20. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). "Two requirements must be met before we will review this challenge on its merits." *Id.* "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id.* "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* A substantial question exists when, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005).

In the present case, Morales's appellate brief contains the requisite 2119(f) concise statement. *See* Morales's Brief at 15-16. Morales argues that the sentencing court did not take into consideration his rehabilitative needs and family obligations when sentencing him. *Id.* at 16-20. A claim that a sentencing court failed to consider the rehabilitative needs of the

defendant does not present a substantial question for our review. *See Commonwealth v. Griffin*, 65 A.3d 932, 936-37 (Pa. Super. 2013) (holding that the appellant's allegation that the sentencing court failed to take into account his rehabilitative needs entitled him to no relief), *appeal denied*, 76 A.3d 538 (Pa. 2013). Likewise, a claim that a sentencing court did not consider a defendant's family obligations does not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question."). Because Morales has not raised a substantial question, his discretionary aspects of sentence claim must fail.

Even if we were to determine that Morales's claim did raise a substantial question, we find no merit to the underlying allegation. Morales contends that the trial court abused its discretion in sentencing him because it failed to consider his rehabilitative needs and his family obligations in accordance with section 9721(b) of the Sentencing Code. Morales's Brief at 16-20. Here, however, the record reflects that the trial court considered each of the factors of section 9721(b), including his rehabilitative needs and family obligations. *See* Trial Court Opinion, 1/16/14, at 7. Therefore, because the trial court took into consideration each of the factors in section 9721(b), Morales's argument that the sentencing court did not contemplate his rehabilitative needs and family obligations fails. Moreover, we note that

the trial court sentenced Morales in the mitigated range of the sentencing guidelines, providing further support for the trial court's representation that it included both his rehabilitative needs and other mitigating factors in its sentencing decision. Accordingly, we conclude that the trial court did not abuse its discretion in sentencing Morales.

For his third issue on appeal, Morales claims that the trial court erred by denying his pre-sentence motion for a new trial based on newly discovered evidence showing that he had rented a hotel room in Wildwood, New Jersey from July 22 to July 28, 2012. Morales's Brief at 20. Morales argues that his hotel receipt proves that he was not involved in a drug transaction on July 24, 2012. *Id.* at 20-23.

We conclude that Morales has failed to preserve his newly discovered evidence issue for review because he did not file any post-trial motions. Rule 704(B) of the Pennsylvania Rules of Criminal Procedure provides:

> **(B) Oral Motion for Extraordinary Relief.**
>
> (1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.
>
> (2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.
>
> (3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.Crim.P. 704(B). "The plain terms of Rule 704(B) does not permit the filing of a **written** motion for extraordinary relief prior to sentencing." **Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa. Super. 2004) (emphasis in original).

Moreover, this Court has held that "Rule 704 … specifically declares that any motion for extraordinary relief must be preserved *via* a post-trial motion." **Commonwealth v. Askew**, 907 A.2d 624, 627 (Pa. Super. 2006). In applying Rule 704(B), our Court has explained:

> The comment to the rule clarifies that a motion for extraordinary relief is neither necessary nor sufficient to preserve an issue for appeal. This Court has consistently held that we will not allow such motions as a 'substitute vehicle' for raising a matter that should be raised in a post-sentence motion.

**Id.** (internal citations, quotations, and footnotes omitted); **see also Commonwealth v. Grohowski**, 980 A.2d 113, 115-16 (Pa. Super. 2009); **Commonwealth v. Woods**, 909 A.2d 372, 378-79 (Pa. Super. 2006).

Here, prior to sentencing, Morales filed a document that he titled motion for relief pursuant to [Pa.R.Crim.P.] 720 in which a sought a new trial based on newly discovered evidence. The caption of the motion does reference Rule 720, however, Rule 720 governs **post-sentence** motions. **See** Pa.R.Crim.P. 720. Here, Morales filed this motion prior to sentencing and the trial court heard argument on the motion before denying it during the sentencing hearing, prior to sentencing Morales. N.T., 8/12/13, at 3-8.

Notably, the docket refers to this motion as a motion for extraordinary relief. Accordingly, we find that Morales filed a motion for extraordinary relief pursuant to Rule 704(B). *See* Pa.R.Crim.P. 704(B); *see also* *Commonwealth v. Wesley*, 688 A.2d 201, 204 (Pa. Super. 1997) (recognizing that specific terms of a petition control over the use of erroneous terminology in the caption).

Rule 704 makes clear that Morales's pre-sentence motion alone was neither necessary nor sufficient to preserve his newly discovered evidence issue for appeal to this Court. *See Askew*, 907 A.2d at 627; *Howe*, 842 A.2d at 441; Pa.R.Crim.P. 704(B)(3), *comment*. Had Morales raised his newly discovered evidence issue in a timely post-sentence motion, he would have preserved the issue for appeal. *See Askew*, 907 A.2d at 627. Morales did not file any post-sentence motions in this case besides his motion for reconsideration of sentence, in which he did not raise any issue relating to newly discovered evidence. *See* Motion for Reconsideration of Sentence, 8/21/13, at 1-2. Because Morales only raised his newly discovered evidence issue in a motion for extraordinary relief and not in a post-sentence motion, we are compelled to find that Morales has not preserved this issue for appeal. *See Askew*, 907 A.2d at 627.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014